**Gus DOLLIE, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–12479.**

Criminal Court of Appeals of Oklahoma.

Sept. 11, 1957.

Daniel Bassett, Bartlesville, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

The defendant, Gus Dollie, was convicted of the crime of driving a motor vehicle while under the influence of intoxicating liquor, as a felony by virtue of

having pleaded guilty to a similar offense in 1952. Defendant was found guilty by a jury and his punishment fixed at two and one-half years in the state penitentiary.

The defendant appeals upon four assignments of error. He first complains as follows:

"1. That the trial judge committed prejudicial error by his jocose and disparaging remarks concerning the defendant, his person and his counsel."

In support of this contention, the defendant advances his argument with excerpts from the transcript and he recites the incidents referred to in the following language:

"Throughout the trial the trial judge by his conduct and remarks conveyed to the jury the idea that the judge regarded the defendant and defendant's jeopardy as things of little moment or importance. At one point the trial judge made jocose references to defendant's name. (CM 11). At another point the court implied very pointedly that defendant's counsel was not acting in good faith in cross-examining State's witnesses. (CM 39), when, in response to defendant's counsel's statement that he was trying to protect his client's rights, the Court responded, 'I know what you are trying to do and so does anybody else.' At another point when defendant's counsel objected to the testimony of State's witness, a chemist, as to the effects of alcohol upon the human body, the trial court conveyed clearly to the jurors the idea that defendant's counsel was acting in bad faith in so objecting (though, as a technical matter, the judge did impliedly sustain the objection), when he stated to the County Attorney in open court in the presence of the jurors, 'You have a witness and you are trying to get some information, which is objected to. We all know about it. All of us. I suppose the jurors do. I don't know. I am going to sustain the objection and

let's go on. I don't think it is necessary. The question of the effect of alcohol on this boy isn't in this trial. It is just the simple question of whether or not he was under the influence of intoxicating liquor.' (CM 77). At another point the trial judge interrupted defendant's counsel, who was demurring to the evidence of the State, and had made the statement that the facts stated in the evidence did not constitute a violation of any offense or statutory laws of the State of Oklahoma, the Court remarking, 'You mean the evidence doesn't violate any law? * * * that is my opinion of it also. But I don't see why it should be brought up at this time. It isn't charged with violating the law,' thus implying that defendant's counsel was subject to ridicule."

The interpretation placed upon these remarks by defense counsel caused a most careful review of the record by the writer. This court has been indeed conscious of the duty and responsibility of a trial judge to preside with the utmost fairness and constant precaution as not to abridge the defendant's constitutional right to a fair and impartial trial. It is a well recognized rule that the position occupied by a trial judge merits great respect and naturally, possessed tremendous influence upon jurors. His action, manner and comments must at all times reflect impartiality and his actions must never indicate his role to be that of a partisan for the state or the accused. This court said in Kent v. State, 53 Okl.Cr. 276, 279, 10 P.2d 733, 734:

"* * * Trial courts should proceed with dignity, rule with impartiality, and say as little as possible in the trial of criminal cases."

We are in accord with the Attorney General that the defendant's brief magnifies the inferences to be drawn from the trial judge's remarks and a review of the entire record fails to reflect any prejudice on the part of said judge. We must call attention, however, to the fact that the

trial judge was mistaken in his remarks that "the question of the effect of alcohol on this boy is not on trial. It is the simple question of whether or not he was under the influence of intoxicating liquor." The defendant was charged with driving a motor vehicle while under the influence of intoxicating liquor and the important conflict in the testimony upon which the defendant built his defense was whether or not he was parked or driving at the time of his arrest. However, this no doubt was cured by the court's instructions. The remarks set out in the record were entirely uncalled for and would have been better unsaid, but from a review of the record do not appear to be sufficient to constitute prejudicial error as to justify a reversal.

It is next contended by defendand that the court erred in overruling the motion for a new trial, particularly to defendant's offer of newly discovered evidence.

The records present a drastic conflict in the testimony of the state witness and the defense as to whether the car was being driven at the time of defendant's arrest. The officers testifying for the state, testified that as they approached the car on a country road, the defendant drove the same off in an attempt to get away. The defendant and his companion, Ruby Dixon, testified the car had stopped approximately one hour prior to the officers' arrival, as a result of a mechanical defect; that the battery was dead and the car would not start. Counsel for the defense attached to his motion for a new trial the affidavit of Jesse Gore who was the owner of the car in question as to the effect that the ignition system including the battery in said auto, was in a defective condition and frequently caused failure in operation of the vehicle. We cannot agree with the contention of the defendant in this regard. In the first place, there was a complete lack of showing that this evidence could not have been discovered before or during course of the trial by exercise of proper diligence. The defendant was alerted that the issue would be raised as it was related in the opening statement of the county attorney. The record is silent as to whether or not an attempt was made to obtain delay or continuance. The car belonged to the stepson of the defendant. Whether he was present at the trial or unavailable is not stated by the record. Surely father and son would have discussed these matters in preparation for trial. Counsel for defense indicates that it is reasonable and probable that such newly discovered evidence would change the result of the trial. That may be true. However, the court is of the opinion the evidence related in the affidavit was only impeaching and cumulative and would have added little to the testimony of the defendant and Ruby Dixon who the jury evidently chose not to believe. It has long been the holding of this court that a motion for a new trial is addressed to the sound discretion of the court and its ruling thereon will not be disturbed except for an abuse of discretion. Britton v. State, 62 Okl.Cr. 89, 70 P.2d 828. In the case at bar the court is not inclined to think there was an abuse of discretion in overruling motion for a new trial by reason of defendant's contention of newly discovered evidence.

The third assignment of error involves conduct of the county attorney propounding questions designed to arouse prejudice, and passion of the jury and thereby depriving defendant of a fair trial.

It appears from the record that at the time of defendant's arrest, defendant was in company with a woman by the name of Ruby Dixon and her 10 year old daughter. The testimony develops that defendant is married and living with his wife in Dewey, Oklahoma, and that on the date in question he had taken Ruby Dixon and her daughter to the City of Bartlesville for the purpose of renting a house. That he took her from place to place until 9 or 10 o'clock when they started back to Dewey. Defendant proceeded to the outskirts of Dewey on Highway 75D, a gravel road, at which point the vehicle stopped as a result of a dead battery. The conflict now begins.

Officers testifying when they approached defendant's vehicle, it drove away with the defendant at the wheel—defendant says he did not and could not move the car and was so parked when arrested. By virtue of this set of facts, the county attorney, on cross-examination of defendant, asked, "How many times have you been out with Ruby Dixon?" "Is she an old friend of yours?". This was objected to as incompetent, irrelevant, and immaterial, and the objection was sustained. The county attorney further asked, "Are you married?". Defendant answered "Yes." County attorney asked further, "Where does your wife live?" "Where was she the night you were out with Ruby Dixon?". Numerous questions were also asked relative to the disposition of the little girl and her whereabouts. Objections were made to all this line of questioning and sustained by the court.

There can be little doubt that these questions were designed and calculated to arouse prejudice or passion against the defendant. They were clearly incompetent and could serve no other purpose than to cast reflection upon the defendant by innuendo and inference and discredit the defendant in the minds of the jury. It was said by this court in Thurmond v. State, 57 Okl.Cr. 388, 414, 48 P.2d 845, 856:

"This court cannot understand why in a prosecution of a criminal case a public prosecutor, in his zeal to secure a conviction, exceeds his authority under the law and asks questions or makes argument and remarks not borne out by the record, in the presence of the court and jury, calculated to arouse the prejudice and passion of the jurors to the prejudice of the defendant."

Judge Davenport in said case continues:

"* * * Prosecuting officers are sometimes overzealous and appear to be carried away with the idea that they must secure a conviction, forgetting that their highest obligation is their duty to be fair alike to the state and the accused. * * *"

It is true that the learned judge sustained objections to these questions but we have always doubted if this is a complete cure or does the wound still bleed after the evidential harpoon has been removed. The jury assessed the punishment in the instant case at two and one-half years in the penitentiary, the largest sentence affixed in a like case that this court can remember. No doubt the jury was aroused by this type questions and others regarding defendant's previous record. However, since the record presents a more harmful error that justifies modification, it will not be necessary to comment further upon this issue.

The fourth proposition of the defendant contends that the District Court of Washington County was without jurisdiction, and erred in overruling defendant's demurrer.

Defendant argues that the court was without jurisdiction by virtue of defendant's previous conviction of drunk driving in 1952. That it was not the basis for a subsequent offense within the meaning of the term of House Bill 814, Session Laws 1955, p. 263, 47 O.S.Supp.1955, § 93, and that the 1955 Act limits imposition of penalty for a felony to violations "under the provisions of this act" and a conviction had prior to the enactment of said law could not be used to charge defendant with a subsequent offense. The court is of the opinion that there is no merit in support of this proposition. The Act of 1955 did not create or define a new or independent crime, but said statute describes circumstances wherein one found guilty of driving a motor vehicle while intoxicated may be more severely punished because of his previous conviction. The wording of the statutes is the same with exception of the penalty. It is purely an amendatory act which continued the provisions of the former statute except with reference to the punishment to be affixed. As stated by the attorney general, the defendant was prosecuted entirely and solely for an offense committed since the new act has been in effect. The former conviction

was alleged for the purpose of bringing it within the new act and justifying greater penalty.

▇ Though defense counsel complains of numerous irregularities, the one that most deeply concerns the court was obviously overlooked and was neither mentioned or referred to in the brief of the defendant nor by the state. It was brought out by the county attorney on cross-examination that the defendant had a record of several previous convictions of crimes unrelated to those alleged in the information. Under the rules of evidence and our statutes as set forth in Title 12 O.S.A. § 381, this is permissible, but only for the purpose of affecting the credibility of the witness. The statute is plain in this respect and such evidence is justly restricted and the juror should in every instance be instructed the purpose for which it can be considered.

In the case at bar the court gave the following instruction:

"You are instructed that the law indulges in no presumption, nor is a jury permitted to indulge in any presumption, that it is more probably that a person previously convicted of crime will commit a subsequent crime.

"Therefore, evidence of conviction for previous crimes is not to be considered by you for the purpose of determining the defendant's guilt in this case, but only after you have found, if you do find, that the defendant is guilty in this case should the proof of convictions of former crimes be considered by you and then *only to determine the penalty*." (Emphasis ours.)

This instruction is flagrantly erroneous and incorrectly states the law to conspicuous prejudice of the defendant. It is generally recognized that when one is released from prison after having served his time for the crime committed, he has paid his debt to society for that particular crime and though his credibility can be affected by revealing his previous convictions to the juror, it can never be used

for consideration in arriving at the penalty to be assessed, unless charged under the habitual criminal statutes. To hold otherwise would permit double punishment contrary to our standard of jurisprudence. Jurors are not permitted to indulge in any presumption that it is more probably that a person previously convicted of crime will commit a subsequent crime, and for a juror to be instructed to take said previous conviction into consideration in affixing the punishment does the defendant tremendous injustice. Even though no exceptions to the instructions were taken, instruction number 8 was so highly prejudicial to the rights of the accused that it very easily could have resulted in excessive punishment and for that reason the judgment and sentence of the District Court of Washington County is hereby modified from two and one-half years in the penitentiary to one year in the penitentiary and otherwise affirmed.

BRETT, P. J., and POWELL, J., concur.