Clarence "Dutch" PITTS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-12521.

Criminal Court of Appeals of Oklahoma.

April 9, 1958.

Paul R. Haunstein, Enid, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

The plaintiff in error, Clarence "Dutch" Pitts, hereinafter referred to as the defendant, was charged by information in the District Court of Garfield County with the crime of operating a motor vehicle while under the influence of intoxicating liquor, after having been previously convicted of the same offense, thus constituting a felony. The defendant was tried before a jury, found guilty and his punishment fixed at 5 years in the state penitentiary and to pay a fine of $100.

The defendant, for reversal or modification, relies upon two assignments of error:

1. That the court erred in refusing defendant's application for a continuance, in order that he might employ counsel of his own choice to defend him.

2. That the verdict and sentence was excessive and was rendered under bias and prejudice created in the minds of the jury by the information filed in this case and that said sentence should be modified or reversed and remanded.

The record reveals that defendant was driving a 1937 Ford on the streets of Enid about 6:30 in the evening, where he was observed by Officer Miller who was in a patrol car and saw defendant crossing center line and making half U turn in the intersection and then proceeding on past Officer Miller. Miller then pursued the defendant and found that the defendant had pulled into a service station where defendant said his brakes were out and the gear shift was frozen in second gear and he was on the way to the garage to have them repaired. Officer Miller and Officer Harmon testified in their opinion the defendant was under the influence of intoxicating liquor. The defendant positively denied that he had drunk anything except some cough syrup consisting of Turpin of Hydrate with codeine which he had purchased that day from a drug store in Okeene. The medicine was purchased for a cold with which the defendant was suffering at the time. Four people testified that they had seen the defendant previous to his arrest and that he was not drinking. Three of the witnesses testified they had seen the defendant within a few minutes before his arrest and he was sober. One witness had pushed defendant's car to get it started. This occurred at the defendant's mother's home. This witness was to pick up defendant at the garage where he was taking the car. He had come to pick him up when he saw the officers with the defendant's car. He tes-

tified the defendant was not drinking. The defendant's employer testified he was not drinking that day when he saw him and had not been drinking for several weeks. The five witnesses for the defense were just as positive in their testimony that the defendant was sober as the two witnesses for the state were that the defendant was under the influence of intoxicants. This drastic conflict created a question of fact for the jury who evidently chose to believe the two officers rather than the five witnesses who testified for the defense.

This court has consistently held that where there is a conflict in the testimony, it is the exclusive province of the jury to weigh the testimony and draw their conclusion therefrom and if there is any competent evidence to support their verdict it will not be reversed by this court. This court, however, will carefully examine each case and the evidence therein to guard against an excessive sentence or cruel or unusual punishment. It is to be noted that in addition to a drastic conflict of the testimony there were no aggravating circumstances, no other car was involved and no personal or property damage produced. There can be little doubt that the jury was greatly impressed with the defendant's previous record and for that reason assessed the maximum sentence to be served.

The defendant is 47 years of age and evidently has paid greatly for his problem with liquor. His record reflects that his habit has been a most costly one, not only to him but to society. This court is thoroughly apprised of the value of confinement as a detriment to crime, but at the same time, fully recognizes that the potentialities of rehabilitation must not be completely overlooked as to destroy hope by excessive terms of imprisonment.

A careful review of the record leads us to believe that justice would be best served if the defendant's sentence was reduced from five to three years imprisonment. Therefore, the case is accordingly modified and affirmed.

BRETT, P. J., and POWELL, J., concur.