Jim PARKER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12617.

Criminal Court of Appeals of Oklahoma.

Oct. 15, 1958.

Jim Parker, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

The plaintiff in error, Jim Parker, was tried before a jury in the district court of Pottawatomie County and convicted of a charge of attempting to obtain property by means of a confidence game, after former conviction of a felony, and the verdict provided for a penalty of twenty years confinement in the State Penitentiary. The record has been furnished at the expense of the State, and the appeal was filed without cost.

The information is quite lengthy, but it charges in substance that on or about June 27, 1957, in Pottawatomie County, Oklahoma, this defendant, Jim Parker, with Wade Hampton Williams and Elmer Gene Paxton, while acting together in concert, aiding and abetting each other, did then and there unlawfully, wilfully and feloniously attempt to cheat and defraud Mary A. Parks of the sum of $300, by means and use of a certain trick and deception called the "confidence game", by then and there fraudulently and feloniously representing to the said Mary A. Parks that she was entitled to a refund in the sum of $500 for certain labor and materials furnished her in times past; that they, the said defendants had a check for her in the sum of $800 which would be deposited in the American National Bank, Shawnee, if she would in turn make out a check payable to Jim Parker in the sum of $300; that relying upon the statements and representations made to her by said defendants, and believing same to be true, she made out and delivered her personal check in the sum of $300, dated June 27, 1957, payable to the order of Jim Parker, drawn on the American National Bank of Shawnee, Oklahoma, which check she delivered to the defendant Jim Parker, and Wade Hampton Williams and Elmer Gene Paxton, and each of them, which was a part of their fraudulent scheme and confidence game to obtain said property from said Mary A. Parks.

The information further alleged and detailed three separate prior felony convictions of the defendant Jim Parker. The defendants Williams and Paxton at the time of

the trial on October 24, 1957 had not been apprehended, and were not then tried.

■ Defendant for reversal argues, first, that "The information filed in the district court against the accused must charge only the offense for which accused was charged and held on at the preliminary hearing."

The proposition argued is a correct abstract statement of the law as held in the late case of Carter v. State, Okl.Cr., 292 P.2d 435, 437. In that case Carter was charged by information in the trial court with the crime of burglary in the first degree, after former conviction of a felony. He was tried by a jury, and was convicted as a second and subsequent offender, with the punishment fixed at ten years in the State Penitentiary. The preliminary complaint charged him with the crime of burglary in the first degree alleged to have been committed on January 1, 1955, but contained no allegation of the previous felony conviction entered on April 26, 1954. However, the information filed in the district court while charging burglary, set out and alleged a former conviction. Defendant timely filed a motion to quash the information, and for grounds contended that he was entitled to a preliminary hearing, not only on the burglary charge, but also on the felony conviction alleged in the information. That is, it was asserted that it was incumbent on the State in the preliminary information to have alleged and proven a prior conviction in order to entitle the State to file an information in the district court charging burglary but alleging a prior felony conviction. This court in the Carter case held:

> "Motion to strike allegation of former conviction from information should be sustained, where such allegation was not contained in preliminary complaint, no proof of such fact was made at preliminary hearing, and the order directing accused to be held for trial in District Court contained no directive that would serve as a basis for such allegation."

We are convinced from a careful study of the record that there are two reasons why the rule above quoted is not applicable to the within case. First, it is true that the original complaint filed before the examining magistrate while charging defendant and others with the crime of attempting to obtain money in the sum of $300 from Mary A. Parks by means of a confidence game, omitted any reference to previous felony convictions, and it is also true that following the preliminary hearing held on July 18, 1957, the defendant Parker was bound over to the district court for trial. However, following this, and on August 22, 1957 an amended complaint was filed charging Parker with attempting to obtain money by means of a confidence game, after a prior conviction of a felony, and on August 23, 1957 he was arraigned on the amended complaint, and on September 27, 1957 a preliminary examination was held on the amended complaint, and the record discloses that certified copies of the informations, judgments and sentences relating to the former felony convictions were introduced and received in evidence, and following the hearing, defendant was bound over to the district court for trial.

■ The above facts are borne out by the records from the office of the examining magistrate, and by his testimony. It is true that the original amended complaint had become misplaced and lost from the files at the time of the trial, but the assistant county attorney, Clifford Stone, had an original copy of the amended complaint which was exhibited to the court, and presumably counsel for defendant examined the same, and it was marked as State's exhibit 4 for identification, though we do not find where the court specifically admitted it into evidence. However, this was a matter about which the trial court had to satisfy his mind, and the evidence shows that Mr. Stone swore that he last saw the original of the amended complaint the day he filed the same with justice of the peace Bass Wilkes. The copy was clearly admissible, and appears in the record.

The transcript as originally filed by the examining magistrate shows that the defendant was bound over to the district court simply to answer for the crime of "attempting to obtain money by means of a confidence game". A new and further transcript should have been prepared and filed. The magistrate swore that he did prepare the transcript and it, with the amended complaint, were placed in a jacket and that he gave this to the assistant county attorney for filing.

The irregularities complained of and developed were not raised until after the defendant had announced ready for trial and the jury had been empanelled and sworn to try the case, and was raised by way of objection to the introduction of evidence, for the reason the three former felony convictions alleged in the information were not included in the preliminary complaint.

■ We are satisfied from the lengthy findings of fact and conclusions of law made by the trial court after hearing evidence on the motion, supported by the record, that the defendant herein did have a preliminary hearing on an amended complaint which the information on which he was tried was based, and that the case of Carter v. State, supra, and other cases cited, are not applicable.

■ And, second, we further conclude that the ruling of the trial court that as a matter of law the motion to strike the alleged prior felony convictions, in spite of irregularities, was not timely made, must be sustained. For we note that the information on which defendant was arraigned and tried was filed on September 30, 1957; that on October 4 the defendant appeared in person and by court-appointed counsel, Thomas M. Stevens, waived arraignment and time in which to plead, and entered a plea of not guilty; that the cause came on for trial on October 24, which was twenty days from the date of arraignment; that in the meantime counsel for the defendant did not file a motion to quash or any other pleadings attacking the preliminary proceedings, and that the question was not raised, as heretofore indicated, until the county attorney was about to make his opening statement.

■ In Herren v. State, 72 Okl.Cr. 254, 115 P.2d 258, 259, in paragraphs three and four of the syllabus, this court said:

"The entire preliminary proceedings may be waived in the trial court and is waived by failure to file motion to quash or set aside as provided by the statute before entering a plea on the merits.

"After a plea of not guilty is entered upon arraignment in district court without filing motion to quash the information, the question as to failure to have a preliminary examination is waived and may not be raised by an objection to the introduction of evidence at the beginning of the trial."

It is next contended that the trial court erred in failing to instruct the jury on the defendant's theory of defense, as shown by the evidence, thereby depriving him of a fair and impartial trial.

Defendant cites numerous cases to the effect that in a criminal case the trial judge has a statutory duty to instruct the jury, without a request from the defendant, on the material issues in the case raised by the evidence.

With this principle in mind, we have carefully examined the rather voluminous record and given attention to each and every instruction given by the court. Defendant does not point out in his brief just where the court failed in the instructions actually given. We do not find where any objection was interposed to any instruction and no request was made by counsel for any further instructions. In fact, at this time it is not claimed that there is error in any instruction given, but just generally that the instructions fail to cover the material issues of the case raised by the evidence.

We note that the State relied in great measure upon circumstantial evidence for a conviction. The court gave a proper instruction on the subject, and proper instructions were given defining the offense of at-

tempting to obtain money by means of a confidence game (defendant prosecuted under 21 O.S.1951 § 1541), as well as on the subject relating to the punishment where one has previously been convicted of a felony (see 21 O.S.1951 § 51, second and subsequent offenses). In fact, the instructions were most complete and the record does not justify detailing the instructions given where the specific omission complained of is not spelled out.

No complaint is made as to the inadmissibility of evidence heard by the jury. There was evidence that the defendant and others had obtained money from at least one other widow using the scheme and plan involved in the within case. And though the check in question was made payable to defendant Jim Parker, he did not actually receive the check from the maker, but it was given to a third party. However, defendant, in a very short time thereafter, attempted to get the check cashed at a store in Shawnee, and being unable to do so, took the check to the American National Bank, Shawnee, on which it was drawn the next morning, and presented it for payment, whereupon he was arrested.

There is no complaint that the evidence failed to support the charge set out in some detail in the information, but it is urged that by the case of Pitts v. State, Okl. Cr., 324 P.2d 546, 547, reading: "Where there is a conflict in the testimony, a question of fact is created for determination of the jury, and their findings will not be reversed if there is any competent testimony to support their verdict, but will not preclude modification, if punishment appears excessive", that the judgment should be modified.

We believe that justice requires a modification of the punishment assessed by the jury by reduction of the sentence of twenty years imprisonment in the State Penitentiary, to fifteen years, and the judgment as so modified, is affirmed.

BRETT, P. J., and NIX, J., concur.