**Ira Leo SPEER, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defend-
ant in Error.**

**No. A–13795.**

Court of Criminal Appeals of Oklahoma.

Feb. 2, 1966.

Don Anderson, Public Defender, Oklahoma City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., State of Oklahoma, for defendant in error.

MEMORANDUM OPINION

BUSSEY, Presiding Judge.

Ira Leo Speer was charged, tried and convicted in the District Court of Oklahoma County for the crime of Burglary, and appeals.

From the record it appears that on January 6, 1965, Jennifer Ann Schneider of 4400 Thompson, Oklahoma City, Oklahoma, saw her neighbor, Mrs. Dollie D. Howard, leave her home and shortly thereafter three men in an old model Cadillac, pulled into the drive of the Howard home, broke open the door and made several trips carrying property from the home to their car. Mrs. Schneider notified the police who arrived shortly after the burglars departed, and shortly thereafter, Mrs. Howard returned to her home at 4401 Thompson, Oklahoma City, Oklahoma, where she discovered that the front door of her home had been broken into and considerable amount of personal property removed from the home which consisted, among other things, of shirts and clothing belonging to her husband. A copy of the list of the stolen property was provided the Stolen Goods Department of the Oklahoma City Police Department and the investigating officers. On the following day Ira Speers was arrested by the Oklahoma City Police Department on the charge of Vagrancy. After he had been arrested and taken to the Oklahoma City Police Department, the officers observed that the shirt which he was wearing was loose fitting. The laundry mark and shirt size corresponded with the shirt taken from the Howard residence and at the trial Mrs. Howard identified the shirt as being one taken from her home on January 6, 1965.

According to the State's witnesses, after being advised of his right to counsel, his right to remain silent, and the fact that any statement he might make might be used in evidence against him, the defendant admitted his participation in the burglary and advised the officers that he had told William Jay Nichols where the stolen property could be recovered. According to the

State's witnesses, the defendant then repudiated his confession. The officers recovered the stolen property from a vehicle to which they were directed by Nichols. On the trial, the defendant testified in his own behalf that he had requested permission to talk to an attorney and that the police refused to allow him to do so. He denied ever having made any confession to the burglary in question. He admitted that he was wearing the shirt at the time of his arrest and stated that he had taken it from his closet and that he did not know how it got there. On cross examination, he admitted that he had been convicted in the State of Kansas and sentenced to a term of 15 years imprisonment and was at the time of trial on parole from said conviction. He admitted having been convicted of car theft in the District Court of Oklahoma County in February, 1965, for which he was sentenced to three years imprisonment. At the conclusion of the evidence, the court instructed the jury, no exceptions were taken to the instructions of the court, nor were any instructions requested by the defendant.

 Although it was urged in the Motion for New Trial that the conviction was contrary to the evidence and disregard of the court's instructions, we believe that the evidence adduced on the trial was clear and convincing and that it amply supports the verdict of the jury. The only assignment of error which merits our consideration is the Public Defender's contention that the court erred in failing to instruct the jury as to the limited purposes for which they might consider defendant's previous convictions. In support of this assignment, defendant cites Dollie v. State, Okl.Cr., 316 P.2d 208, in which the following instruction was given:

"You are instructed that the law indulges in no presumption, nor is a jury permitted to indulge in any presumption, that it is more probably that a person previously convicted of crime will commit a subsequent crime.

Therefore, evidence of conviction for previous crimes is not to be considered by you for the purpose of determining the defendant's guilt in this case, but only after you have found, if you do find, that the defendant is guilty in this case should the proof of convictions of former crimes be considered by you and then only to determine the penalty."

In commenting on this instruction, this Court, speaking through the Honorable Kirksey Nix, had this to say:

"This instruction is flagrantly erroneous and incorrectly states the law to conspicuous prejudice of the defendant. It is generally recognized that when one is released from prison after having served his time for the crime committed, he has paid his debt to society for that particular crime and though his credibility can be affected by revealing his previous convictions to the juror [*sic*] it can never be used for consideration in arriving at the penalty to be assessed, unless charged under the habitual criminal statutes. To hold otherwise would permit double punishment contrary to our standard of jurisprudence. Jurors are not permitted to indulge in any presumption that it is more probably that a person previously convicted of crime will commit a subsequent crime, and for a juror to be instructed to take said previous conviction into consideration in affixing the punishment does the defendant tremendous injustice. Even though no exceptions to the instructions were taken, instruction number 8 was so highly prejudicial to the rights of the accused that it very easily could have resulted in excessive punishment and for that reason the judgment and sentence of the District Court of Washington County is hereby modified from two and one-half years in the penitentiary to one year in the penitentiary and otherwise affirmed."

 We believe that the facts in the instant case are clearly distinguishable from

those in the Dollie case. In the instant case the evidence of the defendant's guilt was clear, cogent and convincing. The court did not give an instruction prejudicial to the defendant as in Dollie, supra. The jury determined only the guilt of the defendant and left the punishment to the court. The punishment imposed by the trial court was well within the range of punishment for first offenders and is not excessive. Under these circumstances, we fail to see how the defendant could have been prejudiced by the court's failure to give an instruction which had not been requested.

For all of the above reasons set forth, the judgment and sentence appealed from is affirmed.

BRETT and NIX, JJ., concur.