**Eddie S. MAES, Appellant,**

v.

**Wayne K. PATTERSON, Warden, Colorado State Penitentiary, Appellee.**

**No. 9995.**

United States Court of Appeals
Tenth Circuit.

Oct. 2, 1968.

Rehearing Denied Dec. 12, 1968.

Robert G. Hanson, Colorado Springs, Colo., for appellant.

George E. DeRoos, Asst. Atty. Gen. (Duke W. Dunbar, Atty. Gen., and Frank E. Hickey, Deputy Atty. Gen., were with him on the brief) for appellee.

Before LEWIS, BREITENSTEIN and HICKEY, Circuit Judges.

DAVID T. LEWIS, Circuit Judge.

■ This appeal is taken from an order of the District Court for the District of Colorado summarily dismissing appellant's petition for a writ of habeas corpus. Petitioner, a state prisoner, is presently serving a sentence of not less than ten years imposed after entry of plea of guilty to the offense of unlawful possession of narcotics. He alleges that his plea of guilty was an involuntary and

coerced act,[1] which allegation if substantiated would, of course, be a proper basis for federal relief. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908.

Petitioner has exhausted his state remedy. By motion filed under Rule 35(b) of the Colorado Rules of Criminal Procedure petitioner presented his contention to the state trial court, was granted a full evidentiary hearing, and was denied relief. On appeal to the Colorado Supreme Court, the judgment of the trial court was affirmed. Maes v. People, 435 P.2d 893.

At the time appellant's present action was dismissed the federal district court had before it only the petition for a writ. Noting that the petition presented no issue not fully considered under adequate state procedures and that the result reached in state court was presumptively correct under 28 U.S.C. § 2254(d),[2] the action was dismissed without further federal consideration. We have held that a federal court cannot accept as conclusive a prior state adjudication of a federal question simply from the fact of identity of issue. In Dentis v. State of Oklahoma, 10 Cir., 376 F.2d 590, at 591, we stated the limitation thus:

"In a habeas corpus case brought by a state prisoner in which a federal Constitutional question is raised, a prior adjudication of the law or facts by a state court is not to be accepted by the federal judge without first determining that there is factual and legal support for such adjudication."

The cited language was again approved by this court in Brown v. Crouse, 399 F.2d 311, decided July 26, 1968, where consideration was given to specific provisions of 28 U.S.C. § 2254, as amended in 1966. Practical impacts of the 1966 amendment were to relieve federal courts of the necessity of relitigating factual issues determinative of federal rights claimed by state prisoners, of trying such an issue de novo, and of further relieving the federal courts from merely reiterating the proper application of federal legal right when the state court has correctly applied the federal law.[3] In many, perhaps in most, of the applications for federal habeas corpus disposition can now be made without an evidentiary hearing.[4] But the duty of the federal court remains to make an independent determination that due process has been observed in the factual and legal support for state adjudications. Section 2254 does not purport to apply the finality of res judicata to any state determination of a federal right. The federal court may indulge in the presumption that the state court's determination of facts is correct, and ordinarily should accept the state-found facts,[5] *when* reviewing the state record. Only by such procedure can the federal court determine whether "it shall otherwise appear * * * that the applicant was otherwise denied due process of law in the state court proceeding." Sec. 2254 (d) (7).

1. Petitioner alleges that the guilty plea was involuntary because it resulted from a plea bargain entered into with the Denver deputy district attorney, whereby petitioner agreed to plead guilty to the charge of possession of narcotics in return for the district attorney's promise to drop a separate charge of larceny and his assurance that the plea of guilty to the narcotics charge would not result in a sentence of more than five years and that petitioner's bond would be reduced from $25,000 to $2,500.

2. The petitioner alleged that the state did not rebut his claim that he had been promised a five-year maximum sentence but we are not here concerned with a petition that spells out an exception in sec. 2254 that defeats the presumption of correctness in the state court proceedings.

3. In the first 9 months of fiscal 1966 there were 3,773 applications and 95% of these were deemed to be without merit.

4. To the extent that our opinion in Brown v. Crouse might be argumentatively interpreted as requiring an evidentiary hearing in all cases where an issue of fact exists I am authorized to state that the opinion was not intended to so hold.

5. Townsend v. Sain, 372 U.S. 293, 318, 83 S.Ct. 745, 9 L.Ed.2d 770; Hurt v. Page, 10 Cir., 355 F.2d 169, 170.

■ We conclude that the court below erred in summarily dismissing appellant's petition without first reviewing the transcript of the state evidentiary hearing. If upon such review the court is satisfied that the presumption of correctness is not dissipated the petition and action may then be dismissed without further proceedings; if not so satisfied, the court may exercise its further discretion.

The case is accordingly remanded for further proceedings.