Lester A. MARTIN, alias Red Martin, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14608.

Court of Criminal Appeals of Oklahoma.

Jan. 14, 1970.

McKeever, Glasser, McKeever & Conrad, by Douglas McKeever, Enid, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Don Timberlake, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

The plaintiff in error, hereinafter referred to as defendant, was charged by information with the crime of Murder in the District Court of Garfield County. He was tried before a jury, found guilty, and sen-

tenced to life imprisonment. He lodged his appeal in this Court by Post-Conviction Appeal granted in case No. A–14,299, asserting numerous assignments of error. This case arose out of a beer parlor altercation on January 16, 1963, wherein the operator of said beer parlor, Austin F. (Polly) Beckworth was killed with a .45 automatic pistol held in the hand of defendant, Lester A. Martin. The court docket shows defendant was taken before a magistrate the following day, informed of his legal rights and a preliminary was set for January 30, 1963. The docket further shows that on that date, defendant appeared without counsel and the preliminary was reset for February 6, 1963, to allow defendant time to employ counsel. Defendant again appeared before the magistrate on February 6, and requested additional time in which to obtain counsel, which request was denied because no diligence had been shown by defendant in making an effort to acquire counsel. The preliminary was held on that date without defendant being represented by counsel. This, defense counsel asserts, is a denial of defendant's constitutional rights to have counsel at all stages of the proceedings. The record further shows that an information was filed in District Court on the 7th of February, 1963, on that date defendant appeared before the district court, entered a plea of not guilty. At that time he advised the court that he was trying to secure counsel. He was taken before the district court again on March 4, 1963, whereupon the District Judge appointed James P. Neal to represent the defendant in district court. This, according to defendant's contention, constituted error.

■ We agree that had the proper procedure been followed, it would have created a serious question. If the defendant had been dissatisfied with the preliminary hearing, a motion to quash should have been filed as an application asking that the cause should be remanded to the examining magistrate for additional hearing. But the record is completely void of any objection as to the preliminary hearing. Your writer feels that had such a request been made, the trial judge would have remanded the cause, but in the absence of any request or motion to quash, we must assume that defense counsel was willing to, waive any irregularity. This Court held in the case of Parker v. State, Okl.Cr., 330 P.2d 1049, that:

"The entire preliminary proceedings may be waived in the trial court and is waived by failure to file motion to quash or set aside as provided by the statute before entering a plea on the merits."

Also, This Court held in Blake v. State, Okl.Cr., 375 P.2d 270, as follows:

"Where a defendant voluntarily enters a plea of guilty; or enters a plea of not guilty, and goes to trial, he will be deemed to have waived any right he may have had to question the fact that he did not have a preliminary examination, or that the transcript filed by the committing magistrate in the district court is insufficient."

"If the defendant upon arraignment pleads to the merits and enters on the trial, he waives the right to preliminary examination, or, if one was held, any irregularities therein."

It is true that a defendant is entitled to counsel at every stage of the proceedings, but this may be waived. Apparently the appointed counsel was satisfied with the preliminary hearing as it was, or he would have moved to quash or ask that the case be remanded for a further preliminary, and the trial judge, no doubt, would have remanded it. If not, I'm sure it would have been reversed on appeal.

■ Defendant next contends that the trial judge erred in making prejudicial remarks in the presence of the jury. He specifically makes reference to the following incident as revealed by the following testimony:

"THE COURT: I would like to ask you this. You both asked him some ques-

tions that perhaps might have been objected to and might or might not have been sustained, if made. I would like to ask him two or three questions, and, if there is any objection on the part of either the State or the defendant to the questions or this line of questions, I will not ask any more and sustain an objection to any—

MR. NEAL: [Interposing] I would make an objection to the court's interrogating the witness.

THE COURT: Well, you don't know what I'm going to say. Wait until I make it. It might be in your favor. I might be bringing out something here that you want me to and I might not be. I don't know. I will overrule your objection at this time. How old a man was Mr. Beckwith, if you know? Now any objection to that question? If there is, I'll sustain it. From either side; either one?

MR. NEAL: I would just make a standing objection, Your Honor. I think it is the court's province to rule upon the motions and conduct of—

THE COURT:—The objection will be sustained.

MR. NEAL:—And the examination is up to the attorneys.

THE COURT: Well, I disagree with you on that. I think I have got some function here besides sitting here like a mummy. I will sustain the objection and ask no more questions."

Counsel deemed these remarks prejudicial to defendant and prevented him from receiving a fair and impartial trial. Defendant largely relies upon the case of Dollie v. State, Okl.Cr., 316 P.2d 208; wherein this Court held as follows:

"A trial judge in a criminal prosecution has the duty to preside with the utmost fairness and constant precaution as not to abridge the defendant's constitutional right to a fair and impartial trial."

"The .position occupied by trial judge in a criminal prosecution merits great respect and possesses tremendous influence upon the jurors, and the judge's action, manner and comments must at all times reflect impartiality and his actions must never indicate his role to be that of a partisan for the state or the accused."

Also, in the case of Megown v. State, Okl. Cr., 300 P.2d 673 (1956) it was said:

"Trial courts should not in any manner, either through their actions or words, indicate to the jury their opinion upon the merits of the case being tried before them."

We agree that this policy should be maintained, but do not believe they are applicable in this particular case as the remarks above set forth do not appear to be of a prejudicial nature and we fail to see where defendant's rights to a fair trial was damaged in any way. There were other remarks made by the trial judge to which there were no objections. Therefore, will not be considered for the first time on appeal.

▮▮▮ In the final proposition of error, defendant contends that he was denied his constitutional right to be admonished or advised of his rights prior to any interrogation, and that the statement acquired thereby was inadmissible. Defendant relies upon the rationale of law laid down in Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. It is to be observed that this case arose out of a homicide occurring in January of 1963, and was filed in January of 1963. The law as announced in *Escobedo*, supra, was held to be effective only as to cases beginning after June 22, 1964. Even had the statement complained of been damaging, the trial judge, no doubt, was acting under the law as it then existed. We are in agreement with the State that the statement complained of was exculpatory and self-serving. When asked by a Deputy Sheriff, "Why did you kill Polly?" Defendant answered, "Polly was charging me. I had to shoot him." There was no indication of any pressure put on defendant, nor any evidence of threats or mistreatment or promises in exchange

for such statement. It appeared to be free and voluntary. Defendant did not claim such, and the Judge acted under the then existing law. This Court feels that such statement was admissible.

From a thorough review of the record before us, it appears that defendant was given every consideration and was heretofore granted a Post-Conviction Appeal, and was afforded a fair trial without error which would justify reversal. The case is therefore affirmed.

BRETT, P. J., and BUSSEY, J., concur.