**UNITED STATES of America ex rel. David PRESTON, Appellant,**

v.

**The Hon. Vincent R. MANCUSI, Warden of Attica State Prison, Attica, New York, Appellee.**

No. 385, Docket 32831.

United States Court of Appeals, Second Circuit.

Argued Dec. 19, 1969.

Decided March 3, 1970.

Edward T. Chase, New York City (Milton Adler, The Legal Aid Society, New York City, on the brief), for appellant.

Mortimer Sattler, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen. of the State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., Joel Lewittes, Asst. Atty. Gen., on the brief), for appellee.

Before FRIENDLY, SMITH and ANDERSON, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

This is an appeal from an order by Judge George Rosling of the District Court for the Eastern District of New York, denying, without a hearing, appellant's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Appellant contends the district judge should have held an evidentiary hearing on his claim that his confessions, which were used in obtaining his conviction in a New York state criminal trial, were involuntary. This claim is based on the fact that the district judge did not have before him the full transcript of appellant's state court hearing on the issue of the voluntariness of the confessions, particularly the missing portions containing the testimony of two defense witnesses who only testified at the state court hearing. We find no error and affirm the order.

Appellant, Preston, was convicted of robbery in the New York Supreme Court in 1964; at his trial three confessions by him were introduced into evidence. Subsequently, he was granted a "Huntley" (*coram nobis*) hearing pursuant to People v. Huntley, 15 N.Y.2d 72, 255 N.Y.S.2d 838, 204 N.E.2d 179 (1965) to determine the voluntariness of the three confessions. Justice Martuscello of the New York Supreme Court reviewed the

lengthy voir dire examination testimony from the trial and took additional testimony, including that of two defense witnesses who were in the police station at the same time as Preston when he was interrogated. Justice Martuscello summarized all the testimony, made findings of fact and concluded that the confessions were voluntary. Preston appealed his conviction and the denial of the "Huntley" application; they were consolidated and the Appellate Division affirmed without opinion. People v. Preston, 28 A.D.2d 959, 282 N.Y.S. 2d 938 (1967). After release on parole, Preston absconded from the jurisdiction to which his parole restricted him, and he was not apprehended until five months after the affirmance by the Appellate Division. Appellant alleged that he was unaware of the affirmance and therefore failed timely to apply for leave to appeal to the New York State Court of Appeals. New York Code of Criminal Procedure §§ 520 and 521. Following argument regarding the voluntariness and admissibility of the confessions used at the state trial, Judge Rosling found that the "Huntley" hearing judge's determination was fairly supported in the record and that nothing of force had been shown to overcome the presumption of correctness of such a determination. 28 U.S.C. § 2254(d) (Supp.1967). He declined to reopen the factual determination made by the state tribunal after a full and fair inquiry within the rule of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

This appeal is based on a claim that the district court should not have made such a finding without holding a hearing, since it did not have before it the testimony of the two defense witnesses which was given at the state hearing.

As Judge Rosling noted in his opinion, despite widespread inquiry about the missing parts, nobody has been able to locate the part of the hearing transcript which contains the pertinent testimony.[1] However, the judge had available the opinion of Justice Martuscello summarizing and analyzing all the facts presented at the hearings, i. e., the voir dire testimony from the trial and the two defense witnesses' testimony at the hearing. Appellant has misconstrued the decision of the Supreme Court in Townsend v. Sain. The Court, in setting down some guidelines as to when a federal court in habeas corpus must hold an evidentiary hearing, did not require such a hearing in every case when the full transcript of testimony is unavailable; the Court stated that a district court has the power to compel the production of the full state court record, and added that ordinarily such record, including the transcript of testimony, or if unavailable, some adequate substitute such as a narrative record, is indispensable to determine whether the applicant's state hearing was full and fair. If no record of any kind can be obtained, a federal judge has no way of determining whether a full and fair hearing was vouchsafed, and he must hold a hearing in such a case.

In this case, however, the district judge had the transcript of the voir dire testimony and an adequate substitute for the testimony of the two "Huntley" witnesses before him concerning all the testimony and allegations pertinent to his decision. The trial transcript, including the extensive voir dire examination prior to the admission of the three confessions and parts of the "Huntley" hearing transcript were made available to the district court. The missing portion of the "Huntley" hearing transcript contained

---

1. Judge Rosling wrote to the New York Court of Appeals on August 7, 1968, inquiring about that portion of the "Huntley" transcript in question. However, the clerk of the New York Court of Appeals indicated that that court could not supply the minutes requested inasmuch as they had neither requested nor received them. Consequently, Judge Rosling filed a Supplemental Memorandum on August 13, 1968 reaffirming his decision of August 8, 1968 denying the application for a writ of habeas corpus.

the testimony of two defense witnesses who were in the station house at the same time as the interrogation of Preston. Although under some circumstances, missing direct testimony could be a basis for a required federal court hearing, that is not the case here. Judge Rosling had Justice Martuscello's opinion before him and in that opinion the testimony of the two defense witnesses is set forth in summary form. The opinion shows one of the witness' testimony was to the effect that he did not even see Preston in the room where Preston alleged he was involuntarily coerced into giving the confessions. Justice Martuscello's opinion also gives reasons why the other witness' testimony, weak to begin with, was discredited, since it even conflicted with testimony given by the appellant himself. This narration of the two witnesses' testimony in Justice Martuscello's opinion is an adequate substitute for the unavailable portion of the transcript. See Townsend v. Sain, *supra*.

■■■ Section 2254(d) of Title 28 of the United States Code is designed to relieve federal courts of the necessity of relitigating factual issues determinative of federal rights of a state prisoner and to that end, a state court determination after a hearing on the merits of the factual issue is presumed to be correct; however, the federal habeas corpus court has the duty to make its independent determination that due process has been observed in the state adjudication. Maes v. Patterson, 401 F.2d 200 (10 Cir. 1968). In this case the district judge made his independent determination that due process was observed in the state determination, and from the totality of all the other testimony presented in the transcripts and the narration in Justice Martuscello's opinion regarding the testimony of the two defense witnesses, the district judge was justified in concluding, without a hearing, that there was nothing in the record tending with any force to overcome the statutory presumption of the correctness of the state court's determination, which was fairly sup-

ported by the record, within the intendment of 28 U.S.C. § 2254(d) (Supp. 1967).

Order affirmed.