**Charles H. CINDLE, Appellant,**

v.

**Ray H. PAGE, Warden, Oklahoma State Penitentiary, Appellee.**

No. 257-69.

United States Court of Appeals, Tenth Circuit.

April 22, 1970.

John S. Castellano, Denver, Colo., for appellant.

H. L. McConnell, Asst. Atty. Gen., of Oklahoma (G. T. Blankenship, Atty. Gen., with him on the brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and HILL, Circuit Judges.

PER CURIAM.

Cindle, an Oklahoma state prisoner, appeals from an order of the federal district court summarily denying his petition for writ of habeas corpus. He was tried and convicted in the state court for the offense of escaping from a state prison and sentenced to serve an indeterminate term of two to six years. The judgment was affirmed on appeal to the Oklahoma Court of Criminal Appeals on the sufficiency of the evidence and the asserted denial of a constitutionally guaranteed speedy trial. Cindle v. State, 433 P.2d 528 (Okl.Cr.1967).

Post conviction relief was then sought in the state court on the grounds of (1) ineffective assistance of counsel, (2) denial of counsel at the preliminary hearing, (3) coercion of the jury by the state trial judge and (4) the alleged infliction of cruel and unusual punish-

ment. Relief was denied, the state court treating only the issue of lack of counsel at the preliminary hearing.

 By this petition for habeas corpus Cindle then sought relief in the federal district court alleging substantially the same grounds asserted on the direct appeal and in the state post conviction relief proceedings. In denying the application for the writ without an evidentiary hearing or resort to the state court record the federal court found that the petitioner had exhausted his state remedies but summarily discharged the writ with the observation that the "questions raised by the petitioner in his present Petition were adequately and properly determined by the Court of Criminal Appeals * * *" In thus disposing of the case, we think the trial judge failed to assume and discharge his inescapable duty to hear and decide asserted constitutional claims which on the face of the pleadings cannot be said to be wholly without substance.

We have repeatedly emphasized the duty of the federal court "to make an independent determination that due process has been observed in the factual and legal support for state adjudications" affecting federally protected constitutional rights of state prisoners. Maes v. Patterson, 401 F.2d 200 (10th Cir. 1968). In that regard we have said that the federal court "may indulge in the presumption that the state court's determination of facts is correct, and ordinarily should accept the state-found facts, *when* reviewing the state record." Maes v. Patterson, supra at 201. But the determination of the federal question must be based on an independent appraisal of the relevant facts. Maes v. Patterson, supra. See also Hoy v. Crouse, 411 F.2d 810 (10th Cir. 1969) and Scheer v. Patterson, 411 F.2d 811 (10th Cir. 1969) and compare with Maxwell v. Turner, 411 F.2d 805 (10th Cir. 1969) and Day v. Page, 411 F.2d 810 (10th Cir. 1969).

The casemade in the state court has been certified here, but it was not be-

fore the district court when the application for habeas relief was denied. The case is accordingly reversed and remanded to afford the trial court an opportunity to hear and determine the asserted constitutional issues based upon the transcript of the state court proceedings and other relevant facts. In this posture of the case, we express no opinion on the merits of the asserted constitutional claims.

Judgment reversed.