**Charles H. CINDLE, Appellant,**

v.

**Ray H. PAGE, Warden, Oklahoma State Penitentiary, Appellee.**

**No. 651–70.**

United States Court of Appeals, Tenth Circuit.

Dec. 20, 1971.

Before SETH, HOLLOWAY and BARRETT, Circuit Judges.

PER CURIAM.

The appellant, a state prisoner in Oklahoma, filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of Oklahoma. The trial court denied relief without a hearing, and this appeal was taken.

The petition concerns a trial and conviction of appellant on a charge of escape from an Oklahoma prison honor farm where and when he was serving a ten year sentence for attempted robbery. The escape charged took place on September 27, 1963. Appellant was apprehended about three days later, but was not charged until October 5, 1964. He had a preliminary hearing the next month, and was bound over to the district court where an information was filed against him. Petitioner made a direct request for appointed counsel at the preliminary hearing but none was appointed, and he was not represented. It was not until nearly a year later, November 10, 1965, that he was required to appear in response to the information. An attorney was appointed for him, and he was tried about five days later. He was convicted and sentenced to serve two to six years. The conviction was appealed and affirmed. Cindle v. State, Okl.Cr., 433 P. 2d 528. State post conviction relief was sought and denied, and federal habeas corpus relief was sought and denied. Cindle v. Page, 424 F.2d 509 (10th Cir.).

The petitioner asserts that he did not have effective assistance of counsel relative to the escape charge in that he was not represented at the preliminary hearing, and that his attorney appointed for his trial was not experienced, and did not have adequate time to prepare for trial.

As to the lack of counsel at the preliminary hearing, petitioner makes no claim that anything then took place that was prejudicial nor that he did anything of an incriminatory nature, nor that anything which then transpired was used against him. He later entered a plea of not guilty, and the trial was had. Under our decisions in Latham v. Crouse, 320 F.2d 120 (10th Cir.); Johnson v. United States, 333 F.2d 371 (10th Cir.); Pearce v. Cox, 354 F.2d 884 (10th Cir.), and Engling v. Crouse, 357 F.2d 267 (10th Cir.), on these facts petitioner is not entitled to relief. Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed. 2d 387, was decided after the above cited cases, and it directly concerned representation at a perliminary hearing. The Supreme Court there held that a preliminary hearing was a critical step in the proceedings, and counsel could provide the accused with much needed assistance. The Court then noted the limited purpose of the hearing under Alabama law, but remanded the case for a determination of whether or not denial of counsel was a harmless error.

The purpose of a preliminary hearing under Oklahoma law is essentially the same as in Alabama as considered by the Supreme Court in Coleman, and as in New Mexico and Kansas as considered by this court in the cases cited above. The preliminary hearing is of course a critical step in the development of charges against an accused. The question usually becomes, as it does here, whether a failure to provide counsel at such a hearing is an error which has been waived during subsequent proceedings. The trial court held in this case that under Oklahoma law it was " . . . well settled that by entering his plea without objection in the District Court he waived any defects in the preliminary proceedings." The Oklahoma statutes provided that challenges to prior proceedings may be made at the time of arraignment. The Oklahoma Court of Criminal Appeals in Martin v. State, 463 P.2d 995, and in Parker v. State, 330 P.2d 1049, in construing the state constitutional provisions and related statutes held that the entire preliminary proceeding is waived in the trial court by the entry of a plea

without a challenge by way of a motion to quash or set aside the information. The plea under these holdings goes to the merits of the proceedings. In the case before us, petitioner was represented by counsel at the time of plea, and no challenge was made to the proceedings on the ground here urged. A motion to dismiss was made on the speedy trial issue, and it was denied. We must hold that the trial court was correct in its denial of relief on the issues of both lack of counsel at the preliminary hearing, and the assertion of ineffective representation in later proceedings. In view of the circumstances and the nature of the crime, it cannot be said that counsel did not have adequate time to prepare. See United States v. Fairchild, 435 F.2d 972 (10th Cir.), and Smith v. United States, 413 F.2d 975 (10th Cir.).

The petitioner also urges other points including cruel and unusual punishment, the state trial judge's intervention into the sentencing procedure reserved in Oklahoma to the jury, and lack of a speedy trial. We have considered these points and arguments and find no merit in them. The speedy trial issue is controlled as the trial court indicated by Basker v. Crouse, 426 F.2d 531 (10th Cir.), and Whitlock v. United States, 429 F.2d 942 (10th Cir.). It was also fully considered in the petitioner's state post conviction proceedings.

 After this appeal had been commenced the petitioner's sentence was completed, and he was released from the Oklahoma State Penitentiary. The Attorney General of Oklahoma states that petitioner is no longer under state supervision or control. The facts closely parallel those in Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554, in that the sentence of the accused was completed during the appeal. The Supreme Court there held that the case had not become moot, and noted the fact of conviction alone had substantial adverse consequences on petitioner's life although the sentence was served. Here petitioner has a previous conviction which has the consequences described in Carafas v. LaVallee, but this petition, although relating to the second conviction, still demonstrates that it does have other serious consequences in the future, especially if petitioner should be convicted again. We hold that the petition has not become moot. Sciberras v. United States, 404 F.2d 247 (10th Cir.). The appeal was pending at the time petitioner's sentence was completed, and in view of the same facts in Carafas v. LaValle we limit our holding to such circumstances.

Affirmed.