No. 44,214

WESLEY C. MILES, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(407 P. 2d 507)

Opinion filed November 6, 1965.

*E. Dexter Galloway,* of Hutchinson, argued the cause and was on the brief for the appellant.

*Lane H. Cronhardt,* assistant county attorney, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is an appeal from an order denying relief under the provisions of K. S. A. 60-1507.

The background of the matter is this:

In 1961, plaintiff (appellant) in this proceeding, was convicted in the district court of Reno county of the offense of statutory rape. The girl in question was his thirteen-year-old stepdaughter. He was committed to the state penitentiary pursuant to K. S. A. 21-424. He appealed from his conviction. On June 8, 1963, the judgment was affirmed in *State v. Miles,* 191 Kan. 457, 382 P. 2d 307. On July 10, 1963, his motion for a rehearing was denied by this court.

Subsequently, plaintiff, being confined in the penitentiary, filed a petition in the sentencing court for a writ of habeas corpus in which he attacked the proceedings of his trial and conviction. His petition was treated by the court and all parties as a petition for relief under K. S. A. 60-1507. He was returned to Reno county for the hearing and counsel was appointed to represent him. He testified in his own behalf. Following the hearing the court denied relief and made findings of fact and conclusions of law as follows:

"MEMORANDUM OPINION

"This matter comes on for hearing on the motion of the petitioner denominated 'Writ of Habeas Corpus' which has been treated as a motion for relief pursuant to Kansas Code of Civil Procedure 60-1507.

"E. Dexter Galloway, an experienced attorney, was appointed by the court to represent the petitioner and petitioner was produced and testified in his own behalf.

"The court finds:

"1. Petitioner was charged with the crime of statutory rape.

"2. Petitioner was represented by counsel at his preliminary hearing and was bound over to the district court for trial and was free on bond pending the trial.

"3. Petitioner was examined by a sanity commission duly appointed by the court, and on October 3, 1961, said commission made a finding that the petitioner was not insane and able to comprehend his position and make his defense.

"4. Petitioner was afforded a jury trial and was represented by counsel of his own choice.

"5. Petitioner was found guilty as charged by a jury on November 20, 1961.

"6. Petitioner was furnished a transcript at state expense and thereafter perfected his appeal to the Supreme Court of Kansas in Case No. 42,990. The conviction was affirmed in an opinion filed June 8, 1963, and a motion for rehearing was overruled by the court.

"7. Petitioner was represented by counsel at all critical stages of the proceeding.

"Petitioner contends that he was not properly or adequately represented by counsel. The record shows that the petitioner was represented by experienced counsel of his own choosing, and that said counsel perfected his appeal to the Supreme Court of Kansas. Petitioner in his pleading alleges that he is in possession of evidence essential to the defense of his case; that he was discriminated against and prejudiced by the Clerk of the Supreme Court, the Kansas Attorney General, the Reno County District Court, State's counsel, and the Supreme Court. These allegations must fail for want of satisfactory proof. Much of the petitioner's testimony at the hearing related to trial errors and defense tactics at the trial, and is not relevant o he issues cognizable under a 60-1507 motion.

### "Conclusions of Law

"1. The petitioner's constitutional rights have been protected at every critical stage of the proceeding.

"2. The evidence and records of the case show conclusively that the petitioner is entitled to no relief.

"It is ordered that the relief prayed for be and is hereby denied.

"Petitioner has subsequent to the hearing filed a 'Motion for Change of Venue,' and the same is hereby overruled.

"It is further ordered that a copy of his Memorandum be sent to petitioner by the Clerk of the District Court.

"Dated November 18, 1964."

In this appeal from the order denying relief, plaintiff, through his court appointed counsel, makes ten contentions—eight of which refer to alleged errors occurring prior to or during his trial, several

of which were urged by him and considered by this court in the appeal from his conviction referred to above.

We therefore have this situation:

Plaintiff was charged with a felony. At his preliminary examination, throughout his trial, and in his appeal to this court—he was represented by experienced counsel retained by him. The conviction was affirmed. Later, while confined under the sentence imposed, he brought a proceeding attacking the judgment and sentence, alleging various trial errors. He was denied relief, and now, in this appeal from that order, again urges the invalidity of his conviction because of alleged errors occurring prior to or during his trial.

The answer to the matter presented is found in Rule No. 121 of this court (194 Kan. xxvii) prescribing the procedure under the provisions of K. S. A. 60-1507. The pertinent portion of the rule is:

"(c) . . . (4) a proceeding under section 60-1507 cannot ordinarily be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors are to be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided there were exceptional circumstances excusing the failure to appeal."

Indicative of the fact that at some point there must be a finality to such matters, subdivision (d) of Rule No. 121 provides that a sentencing court shall not entertain a second or successive motion for relief on behalf of the same prisoner where the same ground presented in the subsequent application was determined adversely to the applicant on the prior adjudication, or where the prior determination was on the merits.

In this case plaintiff, through his own counsel, appealed from his conviction and raised such points as he considered had merit. They were answered adversely to him. In the matter presently before us plaintiff is not only attempting to raise trial errors which could have been, or were raised in his former direct appeal, but he also is attempting to convert this proceeding into a substitute for a second appeal. We have no question here of his right to raise trial errors which could have been raised upon appeal provided there were exceptional circumstances excusing the failure to appeal in the first place—for he did appeal.

The ninth ground urged is that this court erred in denying plaintiff's motion for a rehearing on July 10, 1963, the point being that through alleged failure of the county attorney to keep an agreement

whereby counsel were to submit the appeal without oral argument —plaintiff's then attorney was prevented from appearing in person and arguing the appeal, notwithstanding he had filed an abstract and brief which were considered by this court. This matter was the ground of the motion for a rehearing. The motion was considered and denied by this court and that ruling is adhered to.

The tenth and last ground now urged is that the trial court erred in failing to grant relief in this proceeding under K. S. A. 60-1507. The contention is without merit. The findings and conclusions of the trial court are supported by the record, and are approved.

The judgment is affirmed.