**William Nay WOOD, Appellant,**

v.

**Sherman H. CROUSE, Warden, Appellee.**

**No. 9771.**

United States Court of Appeals
Tenth Circuit.

Feb. 9, 1968.

---

Duane F. Wurzer, Denver, Colo., for appellant.

Jon K. Sargent, Asst. Atty. Gen. (Robert C. Londerholm, Atty. Gen., of Kansas, was with him on the brief), for appellee.

Before BREITENSTEIN, SETH and HICKEY, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The district court, without an evidentiary hearing, denied appellant Wood habeas corpus relief on the ground that he had failed to exhaust his state remedies. Wood is a prisoner in the Kansas penitentiary serving a 30-year sentence as a habitual criminal. He was convicted of seven counts covering burglary, larceny, forgery, and attempts to pass forged instruments. The state charges that he burglarized a store, stole various items including a number of company checks, forged some of those checks, and attempted to pass such forged checks. The prisoner claimed he was denied his federal constitutional right against unreasonable searches and seizures because the state court received in evidence a number of the stolen checks which were found in an illegal search of an automobile which he was driving.

The prisoner is a persistent litigant. He has had one jury trial, an appeal to the Kansas Supreme Court later reinstated and given further consideration, and one hearing in a Kansas district court under that state's post-conviction statute, K.S.A. § 60–1507. Before the present habeas proceeding was brought he had applied unsuccessfully to the federal court in Kansas four times for habeas relief. Three of these were not appealed. In the fourth we denied relief on the ground that he was then serving a sentence which he did not attack. See Wood v. Crouse, 10 Cir., 327 F.2d 81.

We are concerned solely with the question of whether the prisoner has ex-

hausted his available state remedies. The federal district court found that he had not because he had not appealed to the Kansas Supreme Court from the denial by the Kansas district court of relief under the Kansas post-conviction statute.

After his conviction on the charges with which we are concerned, the prisoner filed a direct pro se appeal to the Kansas Supreme Court. See State v. Wood, 190 Kan. 778, 378 P.2d 536. Therein he raised the question of the search of the automobile. The court made an extensive study of the law and facts and determined the point against him. Because the prisoner was not then represented by counsel, the Kansas Supreme Court later reinstated the appeal, again gave consideration to the search, and reaffirmed its first decision. See State v. Wood, 197 Kan. 241, 416 P.2d 729. Additionally, he brought in state district court a proceeding under the Kansas post-conviction statute raising anew the question of the search. The state district court dismissed the proceeding and on the question of the search held that it had been determined in the direct appeal and that under Miles v. State, 195 Kan. 516, 407 P.2d 507, the issue was not subject to reexamination in a state post-conviction proceeding. From this adverse decision the prisoner took no appeal. The federal district court held that the failure to appeal from the denial of post-conviction relief was a deliberate by-pass of an available state remedy and precluded federal habeas relief because 28 U.S.C. § 2254 says that an applicant shall not be deemed to have exhausted his state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented."

The prisoner raised the issue of the legality of the search both in his original direct appeal and in his reinstated appeal. It received a full-dress consideration by the Kansas Supreme Court. In the Miles decision[1] the Kansas court held that a prisoner's motion under the state post-conviction remedy, § 60–1507, could not "raise trial errors which * * * were raised in his former direct appeal," because "at some point there must be a finality to such matters." In the situation presented, we believe that an appeal from the denial of state post-conviction relief would have been a futile gesture. The point had twice been decided against the petitioner on direct appeal.

■■ The exhaustion principle stated in 28 U.S.C. § 2254 is a matter of comity, not a matter of jurisdiction.[2] When an applicant for federal habeas relief relies on a federal constitutional right which he has asserted unsuccessfully in a direct appeal from a state conviction, the exhaustion principle does not require that he take what in practical effect is a second appeal by reasserting the right in state post-conviction proceedings and appealing that decision to the state supreme court.[3] The Tenth Circuit decisions on which the state relies[4] are not in point. In none of them had the prisoner raised the federal constitutional question in a direct appeal from the judgment of conviction. In the case at bar he did, and the point was twice considered by the highest court of the state. Comity does not require that he present the issue to that court for a third time in order to secure federal habeas relief.

■ The state asserts that in any event the search was legal. We decline to consider the question. Our only

1. Miles v. State, 195 Kan. 516, 407 P.2d 507, 509.

2. Whippler v. Balkcom, 5 Cir., 342 F.2d 388, 390.

3. Coleman v. Maxwell, 6 Cir., 351 F.2d 285, 286; Thomas v. Cunningham, 4 Cir., 313 F.2d 934, 937; and Whippler v. Balkcom, 5 Cir., 342 F.2d 388, 390.

4. Langdon v. Patterson, 10 Cir., 376 F.2d 29; Boyd v. Oklahoma, 10 Cir., 375 F.2d 481; Terry v. Patterson, 10 Cir., 372 F.2d 480; and Bratt v. Crouse, 10 Cir., 346 F.2d 146, cert. denied 382 U.S. 932, 86 S.Ct. 324, 15 L.Ed.2d 343.

knowledge of the facts is that obtained from reading the decisions of the Kansas Supreme Court. We do not know whether these include all the relevant facts.[5] The prisoner is entitled to an evidentiary hearing in federal court on the question of whether the search was legal.

Reversed for further proceedings consistent with this opinion.

5. See Townsend v. Sain, 372 U.S. 293, 316, 83 S.Ct. 745, 9 L.Ed.2d 770.