**Rito G. CANALES, Appellant,**

v.

**J. E. BAKER, Warden, Appellee.**

**No. 10–68.**

United States Court of Appeals
Tenth Circuit.

Feb. 4, 1969.

Stan P. Doyle, Tulsa, Okl., for appellant.

Joseph F. Baca, Special Asst. Atty. Gen., Albuquerque, N. M. (Boston E. Witt, Atty. Gen., Santa Fe, N. M., with him on the brief), for appellee.

Before MURRAH, Chief Judge, and HICKEY and HOLLOWAY, Circuit Judges.

HICKEY, Circuit Judge.

Appellant, Rito Canales, entered a plea of guilty to a second degree murder charge in the New Mexico state court. As a result of the plea he was sentenced to a term in the state penitentiary. The petition here involved was filed pursuant to 28 U.S.C. § 2254 and denied by the Federal District Court for the District of New Mexico. The trial court denied the petition on the grounds that Canales had failed to exhaust his state remedies pursuant to 28 U.S.C. § 2254(b) and (c) and that the state court had already made a valid determination of the merits on the issues by virtue of an evidentiary hearing. A motion to affirm pursuant to Rule 42 of this court is denied and we proceed to consider the issues raised.

The two issues presented on appeal are whether Canales exhausted his state rem-

edies and whether § 2254 requires that a state prisoner be granted an evidentiary hearing upon a petition for habeas corpus in federal court.

After Canales had been incarcerated in the state penitentiary he filed a coram nobis petition in the state court. A full evidentiary hearing was held on the petition, and it was denied. No appeal of this denial was made. Instead, Canales sought post conviction relief according to New Mexico procedure. The issues raised in this petition were identical to those presented in the coram nobis hearing. This application was denied and an appeal was taken to the state supreme court wherein the trial court's dismissal of the petition was affirmed.[1] In affirming the lower court the New Mexico Supreme Court said:

> "The record before us in this case discloses that a full, fair and complete evidentiary hearing was granted to the prisoner at the prior proceeding seeking post-conviction relief. Our examination of the two petitions and of the record of the prior hearing convinces us that the grounds asserted in the present application are the same as those claimed and determined on the merits of the prior application. We find no abuse of the court's discretion in denying the present application upon the basis of a prior determination on the merits of the same grounds."[2]

In determining the question of whether Canales had exhausted his state remedies as required by 28 U.S.C. § 2254 (b) and (c) we turn to the landmark decision of Fay v. Noia.[3] This case established the general rule that the exhaustion requirement of § 2254 referred only to a failure to exhaust remedies still open to the applicant at the time he filed his application under the statute. Since that decision the federal courts have articulated the general rule and expanded it. One such expansion of the rule in the Tenth Circuit is the principle that the exhaustion doctrine does not require the futile act of appealing the denial of a post conviction petition to the highest court of the state when that court has already passed upon the issues contained therein and decided them against the petitioner.[4] Therefore, since Canales has already presented the issues involved in his coram nobis petition to the state supreme court by virtue of the appeal of the state post conviction petition, the exhaustion principle is satisfied even though the denial of the coram nobis petition was not appealed.[5]

The second argument put forward by Canales is that the trial court was required, under 28 U.S.C. § 2254(d), to afford him an evidentiary hearing on his application for habeas relief.

Canales relies upon the language of Brown v. Crouse[6] to sustain his contention that he was entitled to an evidentiary hearing on the merits in the federal trial court. The record demonstrates that the federal district judge ordered up all of the records and transcripts relating to Canales' efforts to obtain post conviction relief in the state courts. Before denying the petition the federal judge reviewed all of these records including the full, fair and complete evidentiary hearing which the state had afforded Canales in the coram nobis proceeding.

1. State v. Canales, 78 N.M. 429, 432 P.2d 394 (1967).

2. Id. at 396.

3. 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

4. Wood v. Crouse, 389 F.2d 747 (10th Cir. 1968); Brown v. Crouse, 395 F.2d 755 (10th Cir. 1968); Omo v. Crouse, 395 F.2d 757 (10th Cir. 1968); Chavez v. Baker, 399 F.2d 943 (10th Cir. 1968); see Bratt v. Crouse, 346 F.2d 146 (10th Cir.) cert. denied 382 U.S. 932, 86 S.Ct. 324, 15 L.Ed.2d 343 (1965); Saxton v. Patterson, 370 F.2d 112 (10th Cir. 1966).

5. Wood v. Crouse, 389 F.2d 747 (10th Cir. 1968); Brown v. Crouse, 395 F.2d 755 (10th Cir. 1968).

6. 399 F.2d 311 (10th Cir. 1968).

In the case of Townsend v. Sain [7] the Supreme Court said, "where the state court has reliably found the relevant facts, [the federal district judge may] defer to the state court's findings of fact * * *." [8] Brown v. Crouse, supra, the case relied upon by Canales, was decided in the light of the *Townsend* case. This fact is made clear by the case of Maes v. Patterson [9] which defines the true extent of *Brown*. In *Maes*, Judge Lewis said:

"Practical impacts of the 1966 amendment [of 28 U.S.C. § 2254] were to relieve federal courts of the necessity of relitigating factual issues determinative of federal rights claimed by state prisoners, of trying such an issue de novo, and of further relieving the federal courts from merely reiterating the proper application of federal legal right when the state court has correctly applied the federal law. In many, perhaps in most, of the applications for federal habeas corpus disposition can now be made without an evidentiary hearing. But the duty of the federal court remains to make an *independent* determination that due process has been observed in the factual and legal support for state adjudications." [10]

Special attention is called to footnote 4 of the *Maes* case where the court provided:

"To the extent that our opinion in Brown v. Crouse might be argumentatively interpreted as requiring an evidentiary hearing in all cases where an issue of fact exists I am authorized to state that the opinion was not intended to so hold."

 Accordingly, we hold that the federal district court's denial of the federal habeas petition after reviewing the record of the state evidentiary hearing was proper. The record of this hearing clearly demonstrates that the merits of the factual dispute were resolved therein. The trial court was correct in reviewing the record of that hearing and there was no requirement on the court to afford Canales a new evidentiary hearing.

Affirmed.

7. 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 77 (1963).

8. Id. at 318, 83 S.Ct. at 760.

9. 401 F.2d 200 (10th Cir. 1968).

10. Id. at 201.