Denny Lee GAFFORD, Petitioner-
Appellant,

v.

WARDEN, U. S. PENITENTIARY,
LEAVENWORTH, KANSAS, and State
of Alaska, Respondents-Appellees.

No. 260–70.

United States Court of Appeals,
Tenth Circuit.

Nov. 16, 1970.

Leonard D. Munker, Wichita, Kan.,
(petitioner-appellant filed a brief pro
se), for petitioner-appellant.

Robert L. Eastaugh, Asst. Dist. Atty.
(G. Kent Edwards, Atty. Gen., State of
Alaska, and Harold W. Tobey, Dist.
Atty., Third Judicial District, on the
brief), for respondents-appellees.

Before PICKETT, BREITENSTEIN
and HILL, Circuit Judges.

BREITENSTEIN, Circuit Judge.

A jury in an Alaska state court found petitioner-appellant guilty of second degree murder. He is now a state prisoner confined on a state charge in the federal penitentiary at Leavenworth, Kansas. His conviction was affirmed by the Alaska Supreme Court and certiorari was denied. See Gafford v. State, Alaska, 440 P.2d 405, cert. denied 393 U.S. 1120, 89 S.Ct. 996, 22 L.Ed.2d 125. His application for post-conviction relief in state court was denied without an evidentiary hearing. In this federal habeas proceeding no question is raised with regard to the exhaustion of state remedies. The federal habeas court denied relief without an evidentiary hearing.

The first trial of the petitioner for homicide resulted in a hung jury. In the second trial the case was submitted to the jury about 4:00 P.M. October 3, 1966. The jury deliberated all through the night and well into the next day. About 4:30 P.M. on October 4, the court was reconvened and the jury was asked if there was a reasonable chance of reaching a verdict. The foreman replied that they could possibly reach a verdict within an hour. The court reconvened at 6:00 P.M. and the jury returned a verdict of guilty of second degree murder.

The jury was polled. When the clerk came to Juror Mary Ann Field there was a long pause during which the defendant's wife had an emotional outburst. After she was calmed, Juror Field was again polled. A long pause followed and she was passed. When the clerk later returned to her, she stated: "Yes, under my (pause) against my better judgment." The court ruled that the verdict was not unanimous and directed the jury to continue their deliberations.

Shortly thereafter the court gave, as an additional instruction, what is commonly known as the Allen charge.[1] No objection was made to this supplemental instruction. A verdict of guilty of murder in the second degree was returned on the following morning.

Petitioner says that the Allen charge violates his federal constitutional rights to fair trial and due process. We have upheld the Allen charge when given in federal court after the jury had entered upon its deliberations. See Munroe v. United States, 10 Cir., 424 F.2d 243, 245–247. In Basker v. Crouse, 10 Cir., 426 F.2d 531, 533, we denied habeas relief to a state prisoner who objected to the use of the Allen charge in state court. In so doing we pointed out that the charge had been approved by the state supreme court. In the case at bar the Allen charge was approved by the Alaska Supreme Court, Gafford v. State, supra, 440 P.2d at 415–416, in reliance upon its earlier decision in Chase v. State, Alaska, 369 P.2d 997, 1004–1005. We adhere to our decisions in Munroe and Basker.

The situation is claimed to be different here because, through the response of Juror Field, the trial court knew how the jury stood numerically. This is not a case like either Burton v. United States, 196 U.S. 283, 305–308, 25 S.Ct. 243, 49 L.Ed. 482, or Brasfield v. United States, 272 U.S. 448, 450, 47 S.Ct. 135, 71 L.Ed. 345, where the trial judge inquired as to the numerical standing of the jury. In our opinion the unsolicited information given by a juror does not preclude the court from giving a proper supplemental instruction. See Bowen v. United States, 8 Cir., 153 F.2d 747, 751–752, cert. denied 328 U.S. 835, 66 S.Ct. 980, 90 L.Ed. 1611.

In support of his motion for a new trial petitioner filed the affidavit of Juror Field which reads in pertinent part:

"3. That one or more of the jurors went outside the evidence introduced in the case and stated that the time the late show ended in the early hours

---

1. The charge was substantially that which is found in 27 F.R.D. 102.

of February 2nd had been checked, a time factor considered critical by the jury in its deliberations.

4. That one of the jurors went to the gas station in Mountain View mentioned in the evidence to ascertain whether the station had been open at the time stated in the testimony of one of the State's witnesses."

The prosecution made no counter-showing. In the hearing on the motion for a new trial, the defense attorney asked to be allowed, within safeguards imposed by the court, to question the jury as to the stated incidents. The court denied the request and the motion for new trial saying that the affidavit was incomplete, that the court was suspicious as to its truth, and that the jury was instructed on numerous occasions to consider only evidence presented in open court. With regard to this point, the Alaska Supreme Court affirmed on the basis of the trial court's ruling. One justice dissented from this holding on the ground that the statements in the affidavit were sufficient to put in question the fairness of the trial and he favored a remand for a hearing on the issue of improper conduct. See Gafford v. State, supra, 440 P.2d at 419, n. 61.

In the Alaska post-conviction proceedings no evidentiary hearing was held on the issue of jury misconduct. The federal habeas court also held no evidentiary hearing and disposed of the issue on the basis of the trial judge's ruling in denying the motion for a new trial.

The contention is that jury misconduct which short circuits an accused's right of confrontation violates the Sixth Amendment which is made applicable to the states through the Fourteenth Amendment. See Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065. The issue is raised by the affidavit of Juror Field. In McDonald v. Pless, 238 U.S. 264, 35 S.Ct. 783, 59 L.Ed. 1300, a civil case involving a verdict by lot, the Supreme Court held that a juror may not impeach his own verdict. In Remmer v. United States, 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654, a juror told the judge that a third party had communicated with him. The judge ordered an investigation which resulted in a report that the communication was made in jest. The Supreme Court vacated the judgment and ordered a hearing to determine whether the incident was harmful to the accused. Parker v. Gladden, 385 U.S. 363, 87 S.Ct. 468, 17 L.Ed.2d 420, concerned a state criminal trial in which a court bailiff had made remarks to two jurors which were derogatory to the accused. The opinion indicates that the trial court heard testimony of the jurors on whether they had heard the statements. The Supreme Court held that the communications by the bailiff to the jurors violated the commands of the Sixth Amendment relating to trial by an impartial jury and right of confrontation.

As we read the cases just noted they are compatible with the distinction made in Mattox v. United States, 146 U.S. 140, 148–149, 13 S.Ct. 50, 36 L.Ed. 917, between what may and may not be established by the testimony of jurors as to their verdict. Although the personal consciousness of a juror cannot be explored and one juror cannot on the basis of nonaccessible thoughts and feelings overturn the decision of the jury, overt acts which are susceptible to the knowledge of other jurors may be established by the evidence of a juror. We are concerned with overt acts, the checking of the time of the late show and the journey to the gas station to ascertain whether it had been open at the claimed time. This is not a case of apparent acquiescence with the purpose of later dissent. We believe that the affidavit of Juror Field must be considered.

In Turner v. Louisiana, 379 U.S. 466, 472–473, 85 S.Ct. 546, 13 L.Ed.2d 424, the Supreme Court emphasized that in a constitutional sense trial by jury in a criminal case requires that the evidence shall come from the witness stand with full protection of the right of confrontation and cross-examination. Taken at face value, the affidavit shows at the very least the possibility that the jurors

considered facts which did not emanate from the witness stand.

■ ■ We have questions of fact which were disposed of without an evidentiary hearing. Section 2254, Title 28 U.S.C., as amended in 1966, is not to be interpreted as requiring an evidentiary hearing in all habeas cases where an issue of fact exists. See Maes v. Patterson, 10 Cir., 401 F.2d 200, 201, n. 4. Cf. Canales v. Baker, 10 Cir., 406 F.2d 685, and Maxwell v. Turner, 10 Cir., 411 F.2d 805. In the situation before us, the federal habeas court acted in reliance on the holding of the Alaska trial judge but that judge did not conduct any hearing on the truth or effect of the statements in the affidavit. We have nothing before us upon which we can determine whether the jury did receive and consider evidence from extrajudicial sources, whether that evidence was relevant to the issues, and whether any presumptively prejudicial misconduct occurred. In such a situation an evidentiary hearing is necessary.

■ The query is what relief from a practical standpoint can be granted. The petitioner is confined in Kansas, thousands of miles away from Alaska, where the trial took place. An easy answer would be to transfer the habeas proceedings to the District of Alaska. Such a disposition is suggested by the dissenting opinion in Nelson v. George, 399 U.S. 224, 233, 90 S.Ct. 1963, 26 L.Ed.2d 578, but the views there stated did not have the approval of the majority of the Court. See footnote 5 on page 228, 90 S.Ct. 1963 where the Court suggests that 28 U.S.C. § 2241 be amended. Absent the power to transfer, the most expeditious method of handling the case would seem to be through an evidentiary hearing in Alaska.

The judgment is reversed and the case is remanded to the district court with directions to hold it in abeyance for a reasonable length of time to give Alaska an opportunity to hold further judicial inquiries in its courts. If such proceedings are not held and concluded with-

in a reasonable time, the writ shall be granted. If they are held and the result is adverse to the petitioner, the federal habeas court shall take such further proceedings as are appropriate.