UNITED STATES of America ex rel.
Melvin TOBE, Petitioner,

v.

Peter BENSINGER and John Twomey,
Respondents.

No. 72 C 1440.

United States District Court,
N. D. Illinois, E. D.

Dec. 18, 1972.

James R. Bronner, Chicago, Ill., for petitioner.

Jayne A. Carr, Asst. Atty. Gen., Chicago, Ill., for respondents.

## MEMORANDUM OPINION AND ORDER

McLAREN, District Judge.

This matter arises upon respondents' motion to dismiss Melvin Tobe's petition for a writ of habeas corpus. The parties have ably explored the applicable law in their briefs on that motion, and the trial record has been filed as an exhibit. The Court concludes that a serious question is presented and that further proceedings are necessary. Certain issues can be determined from the record thus far made, as set forth below. Set forth below also are the Court's views on the remaining issues to be decided—to guide the parties in their presentation of further evidence.

Petitioner was indicted for the murder of Robert Lee Jackson. The defense theory was self-defense. After a five-day jury trial in the Circuit Court of Cook County, Tobe was found guilty of voluntary manslaughter on February 27, 1970. Petitioner was sentenced to not less than nine nor more than eighteen years in the state penitentiary, where he is now incarcerated.

Petitioner claims that he was denied a fair and impartial jury trial and due process of law by statements made by the court's bailiffs to the jury as it deliberated. The petition and supporting memorandum allege the following. After deliberating for some time, the jury sent three or four inquiries to the trial judge through the bailiffs stating that they could not reach a verdict and asking for guidance.[1] Only one of these inquiries reached the judge, to which he responded, through Bailiff Goe, that everything was in the instructions. Other bailiffs responded to the remaining (two or three) inquiries, without notifying the judge, by telling the jury, as one juror stated in an affidavit, "You'll have to stay in there until you come up with a decision," or, as another juror put it, "Keep deliberating, there has to be a decision."[2]

The record shows that later that day, the jury reached a verdict of guilty on the lesser included offense of voluntary manslaughter and was polled.

When he became aware of the bailiff's communications with the jury, petitioner's counsel requested an evidentiary hearing. The hearing was denied on the basis of the judge's examination of Goe, the fact that the jury was polled, and the fact that the judge, with the aid of his notes, recalled only one inquiry (which he answered through Goe) after the jury sounded a buzzer connected to his chambers. The judge later denied a renewed motion for a hearing and a new trial, finding that the sole communication with the jury during its deliberations was the one which he authorized Goe to make and that it was not prejudicial. The judge indicated that he reached this finding after considering the factors previously noted, further testimony by Goe in response to examination by counsel, and the affidavits of seven jurors, two bailiffs, and a deputy sheriff who had been assigned as a bailiff on the day of the verdict. The Illinois Supreme Court affirmed Tobe's conviction and the dismissal of his petition for post-conviction relief. People v. Tobe, 49 Ill.2d 538, 276 N.E.2d 295 (1971).

■ ■ Petitioner claims that the judge's finding that there was only one communication with the jury while it deliberated is clearly erroneous. Under 28 U.S.C. § 2254(d), he has the burden of rebutting the presumption in favor of the correctness of this finding with convincing evidence, unless one of the circumstances set forth in paragraphs (1) to (8) appears or is established. After careful consideration, this Court is forced to conclude that the finding of a single inquiry and response is contrary to the record.

The affidavits of the jurors, bailiffs, and deputy sheriff all state that more than one inquiry was made and responded to, and several state that these additional inquiries were made after the jury knocked on the door of the jury room rather than after sounding the buzzer connected with the judge's chambers. Although Goe testified that he did not know of and had not been told of any further communications, he also testified that he was not present outside of the jury room at all times during the deliberations. And although the judge recalled only one inquiry, he could not be expected to know of others made after the jury knocked on the door. No reason for the jurors, bailiffs, and deputy to have lied in their affidavits was suggested. Yet, for the trial judge to reach his finding of but a single inquiry and response, he had to disregard them completely.

■ This Court finds that the only reasonable conclusion to be drawn is that there were further inquiries made by the jury and that these were answer-

---

1. At that time, the jury stood nine for acquittal, two for voluntary manslaughter and one for guilty of murder.

2. Another characterization of the communications is contained in the Weiss affidavit (copy appended).

ed by a bailiff or bailiffs other than Goe, without the judge's knowledge.

The remaining issues are (1) what further statements were made to the jury and (2) whether they were sufficiently prejudicial to deprive petitioner of the right to a fair and impartial trial under the Sixth Amendment as incorporated into the due process clause of the Fourteenth Amendment. In deciding the first issue, this Court will consider the evidence in the trial record, including the affidavits, and any further documentary evidence which may be submitted by the parties within 30 days of the date of this memorandum opinion. Should either party desire to present testimonial evidence, a request for a hearing shall be made by motion, on notice, prior to the expiration of said thirty-day period.

For the guidance of the parties in obtaining and submitting further evidence, should they desire to do so, the Court briefly outlines below the law which it finds applicable to the determination of prejudice in this case.

█ The test of whether unauthorized influences invalidate a conviction is whether, in the absence of a showing of actual, identifiable prejudice, the occurrence complained of involves such a probability that prejudice will result that it is deemed to cause an inherent lack of due process. Estes v. Texas, 381 U.S. 532, 542–44, 85 S.Ct. 1628, 14 L. Ed.2d 543 (1965). When a party attempts to show prejudice through the statements of the jurors, the problem of the rule against impeachment arises. As the trial judge recognized, jurors are allowed to testify only as to the nature of outside influences, but not as to the subjective effect of the intrusions upon their mental processes. Mattox v. United States, 146 U.S. 140, 148–49, 13 S.Ct. 50, 36 L.Ed. 917 (1892); Downey v. Peyton, 451 F.2d 236, 239 (4th Cir. 1971); United States ex rel. Owen v. McMann, 435 F.2d 813, 816 (2d Cir. 1970), cert. denied, 402 U.S. 906, 91 S.

Ct. 1373, 28 L.Ed.2d 646 (1971); Gafford v. Warden, U. S. Penitentiary, Leavenworth, Kan., 434 F.2d 318, 320–21 (10th Cir. 1970); United States v. Rocks, 339 F.Supp. 249, 253 (E.D.Va. 1972); Procella v. Beto, 319 F.Supp. 662, 669 (S.D.Tex. 1970). As Judge Smith stated in United States v. Crosby, 294 F.2d 928, 950 (2d Cir. 1961), cert. denied, 368 U.S. 984, 82 S.Ct. 599, 7 L. Ed.2d 523 (1962):

> "Even though presumably the jurors themselves know best, the question [of prejudice from outside influences] is determined . . . on the basis of the nature of the matter and is probable effect on a hypothetical average jury."

See also Miller v. United States, 403 F. 2d 77, 83 n. 11 (2d Cir. 1968). This Court will therefore consider only those parts of the jurors' affidavits and any further evidence given by them which shows the nature and content of the bailiffs' communications, but not that which seeks to show how their verdict was affected.

█ The Illinois supreme court either did not realize that the trial court had specifically found a single inquiry by and response to the deliberating jury, or else it assumed for purposes of decision that all communications and responses set forth in the various affidavits had been made. In any event, it dealt with the question of prejudice in light of all the other communications alleged in the affidavits. People v. Tobe, 49 Ill.2d 538, 276 N.E.2d 294, 298 (1971). It found that the bailiffs' statements, considering the length of the trial and the time the jury spent deliberating, could not reasonably be said to have been coercive. This Court cannot accept the proposition that the statements of the bailiffs as set forth in the affidavits were so harmless.

A line of cases not treated by the supreme court in its opinion is pertinent here. As counsel for petitioner argued at one point before the trial judge, what

appears to have been conveyed to the jury here is akin to an "Allen charge" instruction, without the admonition that no juror should relinquish his conscientiously held convictions to join in a majority verdict. This has often been held to constitute reversible error.[3] Although none of the decisions dealt with the situation where a bailiff, rather than the judge, made such a statement to the jury, the principle is the same where, as here, it may be inferred from the present record, and further evidence may establish that certain jurors in fact believed that the bailiffs were responding to their questions with the judge's answers.

■ Although the burden of establishing prejudice from the unauthorized communications initially rests upon petitioner, the burden of showing a lack of coercion will fall upon the state if petitioner establishes that the communications were of the same nature as, and occurred under similar circumstances to, those in *Jenkins* and kindred cases, cited *supra.*

Accordingly, respondents' motion to dismiss is hereby denied and the parties are granted 30 days from the date hereof to submit further documentary evidence and/or request a hearing.

It is so ordered.

People of the State of Illinois
       vs.
Melvin Tobe

### AFFIDAVIT

I, Grover Weiss, being first duly sworn, depose and state as follows:

1. That I am a Deputy Sheriff of Cook County.

2. That I was so employed on February 27, 1970 at which time I was assigned as a bailiff to the courtroom of the Honorable Robert Downing.

3. That two or three times while the jury was deliberating the case against Melvin Tobe, the jury made inquiries to the effect: "What happens if we cannot reach a verdict?"

4. That the woman bailiff named Toni responded to these inquiries.

5. That she told the jury that they should keep deliberating until they reached a decision.

6. That on each of these two or three occasions the jury knocked on the door of the jury room and did not ring the buzzer.

(s) Grover Weiss
Grover Weiss

Subscribed and sworn to this
10th day of April, 1970

(s) Mary Ellen Dienes

Notary Public

---

3. Jenkins v. United States, 380 U.S. 445, 456, 85 S.Ct. 1059, 13 L.Ed.2d 957 (1965); United States v. Thomas, 146 U.S.App.D.C. 101, 449 F.2d 1177, 1180–84 (1971); United States v. Harris, 391 F.2d 348, 355 (6th Cir.), cert. denied, 393 U.S. 874, 89 S.Ct. 169, 21 L.Ed.2d 145 (1968); Burroughs v. United States, 365 F.2d 431, 434 (10th Cir. 1966); Rice v. United States, 356 F.2d 709, 715 (8th Cir. 1966); United States v. Rogers, 289 F.2d 433, 434, 437 (4th Cir. 1961). See also United States v. Flannery, 451 F.2d 880, 883 (1st Cir. 1971); Hale v. United States, 435 F.2d 737, 743 (5th Cir. 1970), cert. denied, 402 U.S. 976, 91 S.Ct. 1680, 29 L.Ed.2d 142 (1971); United States v. Sawyers, 423 F.2d 1335, 1340–43 (4th Cir. 1970); Williams v. United States, 136 U.S.App.D.C. 158, 419 F.2d 740, 750 (1969) (en banc, Bazelon, C. J., Wright and Robinson, J.J. dissenting in part and concurring in part); Sullivan v. United States, 414 F.2d 714, 718 (9th Cir. 1969); United States v. Brown, 411 F.2d 930, 931–33 (7th Cir. 1969), cert. denied, 396 U.S. 1017, 90 S.Ct. 578, 24 L.Ed.2d 508 (1970); Hodges v. United States, 408 F.2d 543, 553–54 (8th Cir. 1969); United States v. Tolbert, 406 F.2d 81, 85 (7th Cir. 1969); Walsh v. United States, 371 F.2d 135, 136 (9th Cir.), cert. denied, 388 U.S. 915, 87 S.Ct. 2130, 18 L.Ed.2d 1357 (1967); Elbel v. United States, 364 F.2d 127, 136 (10th Cir. 1966), cert. denied, 385 U.S. 1014, 87 S.Ct. 726, 17 L.Ed.2d 550 (1967); Thaggard v. United States, 354 F.2d 735, 739 (5th Cir. 1965), cert. denied, 383 U.S. 958, 86 S.Ct. 1222, 16 L.Ed.2d 301 (1966).