Tommy Allen McKAY, Petitioner,

v.

Robert RAINES, Secretary of Corrections, and Johnnie Darr, Sheriff, Sedgwick County, Kansas, Respondents.

Civ. No. 75–174–C3.

United States District Court,
D. Kansas.

Oct. 17, 1975.

**364**

Russell Shultz, Wichita, Kan., for petitioner.

Curt T. Schneider, Atty. Gen., Roger M. Theis, Asst. Atty. Gen., Topeka, Kan., and Stephen M. Joseph, Asst. Dist. Atty., Wichita, Kan., for Sheriff Darr.

### MEMORANDUM AND ORDER

WESLEY E. BROWN, Chief Judge.

This matter comes before the Court pursuant to a petition for habeas corpus relief filed on behalf of Tommy Allen McKay. McKay contends that he was twice put in jeopardy in violation of the United States Constitution when the State of Kansas tried him for the same offense on two separate occasions. He was convicted on the second trial and now seeks release from that conviction.

The uncontroverted facts disclose that McKay was tried for second degree murder by state district court in December, 1972. When the case was submitted to the jury, they were instructed to consider also the lesser included offenses of voluntary and involuntary manslaughter. After a period of deliberation, the jury announced in open court that they were unable to reach a verdict, whereupon the trial court declared a mistrial and excused them. Thereafter, McKay was again tried for second degree murder based on the same allegations as presented at his first trial. By this time, however, McKay had learned that the jurors in the original trial had actually believed he was not guilty of the second degree murder charge but were only divided on which degree of manslaughter was applicable. This determination was shown by affidavits of six of the jurors. McKay filed a Motion for Acquittal in the second trial, contending that he had been fully acquitted of the second degree murder charge. The Court overruled his motion and the case was once again submitted to a jury, which determined McKay guilty of voluntary manslaughter. The conviction was appealed to the Kansas Supreme Court which affirmed after having considered McKay's claim of former jeopardy. *State v. McKay*, 217 Kan. 11, 535 P.2d 945 (1975).

■■ The general rule in a criminal jury case is that jeopardy attaches once the jury has been impaneled and sworn. *United States v. Jorn*, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971). In cases in which a mistrial has been declared prior to a verdict, however, the conclusion that jeopardy has attached only begins the inquiry whether the Constitution's Double Jeopardy Clause bars retrial. *Illinois v. Somerville*, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973). Whenever the trial court determines, from all the circumstances, that there is a "manifest necessity" or that "the ends of public justice would otherwise be defeated" if a trial were allowed to continue, it may declare a mistrial and discharge a duly impaneled jury before a verdict is rendered without prejudicing the government's right to retry the defendant on the same grounds. *Id.*; *United States v. Perez*, 22 U.S. (9 Wheat) 579, 6 L.Ed. 165 (1824). Under such circumstances, jeopardy does not attach to the extent that subsequent prosecution is barred.

■■ The record shows that at petitioner's first trial the court allowed the jury to deliberate for two to three days and then polled each juror to determine whether there was a reasonable possibility that a verdict could be reached. Each stated unequivocally that there was no such possibility. The court was

thus justified in determining that "manifest necessity" existed to discharge the jury and declare a mistrial. *Illinois v. Somerville, supra; United States v. Medansky*, 486 F.2d 807 (7th Cir. 1973). This determination is discretionary with the trial court and will not be attacked successfully absent arbitrariness or abuse of discretion. *Illinois v. Somerville, supra*. There is no showing that the trial court abused its discretion in this instance.

■■■ McKay's primary concern is that Instruction No. 3 given the jury in the first case charged that if they should find that he is not guilty of murder in the second degree, then they should consider whether he is guilty of voluntary manslaughter. He contends that the affidavits of six of the jurors conclusively show the jury's decision to acquit him of the greater charge in accordance with the judge's instructions, although this was never announced in open court. It is true that when a jury convicts a defendant of a lesser included offense of the one charged and remains silent as to the greater it is regarded as an implicit acquittal of the defendant as to the greater crime and retrial on that charge is thereafter barred. *Green v. United States*, 355 U.S. 184, 78 S.Ct. 221, 2 L. Ed.2d 199 (1957); *United States ex rel. Jackson v. Follette*, 462 F.2d 1041 (2nd Cir. 1972). This is as close as the Federal Courts have come to deciding the particular issue presented by petitioner in this action. The jury in McKay's first trial, however, failed to return a verdict on any lesser included offense. In fact no verdict at all was rendered in view of the jury's failure to agree. A jury's decision cannot be considered final until it is presented to the court, has been accepted by it, and assented to by the jury. *United States v. Taylor*, 507 F.2d 166 (5th Cir. 1975). See also, *Nunley v. United States*, 339 F.2d 442 (10th Cir. 1964). This is also the Kansas view. K.S.A. § 22–3421 (1974). Until such time jurors are not bound by votes or decisions in the jury room and remain free to register dissent up to the time the verdict is recorded. *United States v. Taylor, supra*. Deliberation not having been completed, no jeopardy attaches which would bar a second prosecution should a mistrial be declared. At best, this is the status of McKay's averred acquittal. The affidavits themselves indicate that the jury merely made a preliminary determination of the second degree murder charge in the course of its discussions. This was not binding on any juror, the court, nor the prosecution.

■■■ McKay has offered jurors' affidavits which tend to refute the announcement in court by the first jury panel that they could not reach a verdict in his case. The law is fairly well settled that jurors are not competent to impeach a verdict once it is returned when the facts sought to be established essentially inhere in the verdict itself. *Gafford v. Warden*, 434 F.2d 318 (10th Cir. 1970). Juror's affidavits can serve only to show that the jury may have been subjected to unauthorized contacts outside the courtroom by persons or media. *Id.* The court then may consider jurors' statements to determine whether the jury was improperly influenced in reaching their verdict. In McKay's case the jury was given ample opportunity to inform the court of the status of their deliberations. Instead, each juror unequivocally stated that there was no possibility a verdict could be reached. Although this decision on their part does not amount to a verdict as such, we believe that *Gafford v. Warden* applies. McKay's contentions are not limited to a complaint that the jurors were improperly influenced by outside contacts. Rather, he seeks to establish that the decision they announced was not wholly correct and requires supplementation. We do not feel that this is a proper function of jurors' affidavits under the *Gafford* rule. To allow otherwise would leave jury deliberation open to attack on grounds not relevant to the ultimate decision rendered by the jury in court.

McKay's first jury merely had made a preliminary decision, which was not final, in route to their ultimate determination. What that preliminary decision was is irrelevant and should not be a ground to impeach the jury's pronouncement to the court.

■ On another matter, the Court notes that the respondent Johnnie Darr has made a motion that the writ of habeas corpus be dismissed as to him on the ground that he did not have custody of petitioner at the time the Court assumed jurisdiction. A study of the case file indicates that the Rule to Show Cause issued on July 18, 1975, and that Darr had transferred custody of petitioner to respondent Raines on July 16, 1975. It therefore appears that respondent Darr is not a proper party to this action and that his motion has merit. 28 U.S.C. § 2243 (1971).

For the above stated reasons, duly considered, and because it appears that McKay has received a full and fair hearing on the state level,

It is ordered that petitioner's application for bail be denied.

It is further ordered that respondent Johnnie Darr be dismissed as a party to this action.

It is further ordered that petitioner's request for relief be denied.