**Leonardo Q. HERNANDEZ, Petitioner,**

v.

**Robert A. ATKINS, et al., Respondents.**

No. 80–3059.

United States District Court,
D. Kansas.

Oct. 22, 1981.

Leonardo Q. Hernandez, pro se.

Kurt A. Shernuk, Asst. Atty. Gen., State of Kansas, Topeka, Kan., for respondents.

## MEMORANDUM & ORDER

SAFFELS, District Judge.

Petitioner herein, an inmate of the Kansas State Penitentiary, Lansing, Kansas, having been granted leave to proceed *in forma pauperis*, has filed with the Clerk of the Court this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. A rule to show cause issued, respondent filed an answer and return, and petitioner has filed his traverse. Having examined all documents filed together with pertinent parts of the state record and transcript of trial, the Court makes the following findings and order.

The threshold inquiry in a § 2254 action is whether or not all available state judicial remedies have been exhausted. Petitioner raises three claims: (1) error in admission of the deposition of an absent state witness; (2) ineffective assistance of counsel; and (3) error in denial of funds to produce a defense witness incarcerated in Arizona whose deposition was admitted at trial. In his form pleading, petitioner averred that he presented each of these claims to the state courts on direct appeal and by post-conviction motion. Respondents' answer and return and petitioner's traverse indicate that while petitioner did directly appeal on the grounds alleged, he has filed no post-conviction motion in the sentencing court as authorized by K.S.A. 60–1507. Petitioner now asserts that such motion would be treated as successive and dismissed. This Court takes judicial notice that claims dismissed as successive by the Kansas courts are by the terms of § 60–1507 those which have been determined in a previous post-conviction motion. The question to be decided then is whether petitioner should be required to proceed with a § 60–1507 motion in order to satisfy the exhaustion requirement of § 2254(d).

A review of petitioner's factual allegations facilitates the resolution of the exhaustion issue. Petitioner was convicted of first degree murder in a Kansas court. At trial, the prosecution failed to produce a material witness, Rudolpho Perez, a/k/a Sergio Gallardo, and requested leave of the

Court to present the deposition of this witness. As authority for his request, the prosecutor relied upon K.S.A. 22–3211, which provides that a deposition taken to preserve testimony may be used at trial if the witness is out of state and his appearance cannot be obtained, unless it appears that his absence was "procured" by the party offering the deposition. During the state's case, and out of the presence of the jury, the Court heard arguments on the admissibility of the deposition. The Court was informed that it must be established on the record that an effort had been made to locate the witness, and inquired of the prosecution whether this was to be done through testimony or the prosecutor's statement. The prosecutor advised the Court that he believed a statement by him would be sufficient, whereupon he explained the efforts made by the State to locate the missing witness. Hernandez' counsel conceded that there "hadn't been any bad faith" on the prosecution's part; nonetheless, he objected to introduction of the deposition on the grounds that the State had been negligent in not taking action to insure the witness' presence, and invoked the confrontation clause of the Sixth Amendment to the United States Constitution. It further contended that the attendance of this witness at trial was compulsory in order that he might be questioned with regard to a defense theory that counsel had been unable to develop prior to the taking of the deposition a few days subsequent to his appointment. This latter contention is the basis for petitioner's ineffective assistance of counsel claim.

The Court found the witness to be unavailable, and said that it would not penalize the prosecution for relating to the witness truthful information which probably led to his departure. The deposition was then read to the jury by the court reporter. The substance of the testimony was that the witness, Perez, had witnessed the defendant shoot the victim at a bar, had attempted to grab and hold defendant's arms when he fired the two fatal of four shots, and had held defendant and the murder weapon until police arrived. Other witnesses also testified that they saw defendant shoot the victim. However, it is asserted that the missing witness was crucial on the issue of whether the killing had been intentional.

This Court is of the opinion that the disposition of petitioner's first two claims is governed by a recent, similar case decided by the United States Court of Appeals for the Tenth Circuit. In this intervening case, it was held that the burden of proving unavailability of a witness includes a showing that the prosecution has made a good-faith effort to obtain the witness' presence at trial. *Valenzuela v. Griffin*, 654 F.2d 707 (10th Cir. 1981). In *Valenzuela*, as well as in the instant case, not a single witness testified as to the witness' unavailability or the prosecution's efforts to locate and produce him. The Tenth Circuit held that the prosecution's conclusory statements, which in *Valenzuela* were coupled with proof of service of a subpoena, clearly did not provide a sufficient showing of good faith effort to justify admission of the taped testimony. The Court stated that it is necessary to present "evidence of the good faith of the prosecution whenever the state seeks to introduce former testimony based on the unavailability of the witness. In light of the *Valenzuela* opinion, the conclusion is inescapable that the prosecution in this case did not satisfy his burden of showing witness unavailability, and therefore failed to establish that admission of the deposition comported with Sixth Amendment standards.

The Court notes that the Tenth Circuit opinion and the United States Supreme Court case cited therein [*Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980)] were both decided after petitioner's state trial and appeal. Furthermore, it may well be that the prosecutor's efforts to secure the witness' presence were sufficient. These facts impel us to require that petitioner raise these two claims by means of the available state post-conviction remedy. Petitioner is advised to cite *Valenzuela v. Griffin, supra,* and *Ohio v. Roberts, supra,* as an intervening change in the law which entitles him to an evidentiary hearing.

In this circuit, and in this district, where an adequate state post-conviction remedy is available, the rule has been that such remedy must be utilized at the trial court level even after direct appeal in order to satisfy the exhaustion prerequisite. *Wood v. Crouse*, 389 F.2d 747 (10th Cir. 1968), *vacated and remanded on other grounds* 399 U.S. 520, 90 S.Ct. 2234, 26 L.Ed.2d 778 (1970). However, an appeal need not be taken of a summary denial of the post-conviction motion. The only exception to this rule is made when the claim presented is purely a question of law so that an evidentiary hearing on the state level could not develop the facts further. *Sandoval v. Rodriguez*, 461 F.2d 1097 (10th Cir. 1972); *Chavez v. Baker*, 399 F.2d 943 (10th Cir. 1968), *cert. denied* 394 U.S. 950, 89 S.Ct. 1289, 22 L.Ed.2d 485 (1969).

All the claims raised by petitioner involve questions of fact, and supplementation of the factual record, as well as a legal ruling in light of the intervening clarification of the law, is necessary. For these reasons, this Court concludes that petitioner has not exhausted all available state judicial remedies in that he has not raised his claims by state post-conviction motion. Accordingly, this action must be dismissed without prejudice so that petitioner might pursue his state court remedy.

IT IS BY THE COURT THEREFORE ORDERED that this action be, and hereby is, dismissed without prejudice and all relief denied, and that the Clerk of this Court transmit copies of this Memorandum and Order to petitioner and to the Attorney General for the State of Kansas.